CYR, Circuit Judge.
 

 Abijoe Realty Corporation (“Abijoe”) and several of its creditors appeal from a district court order affirming the bankruptcy court’s dismissal of Abijoe’s chapter 11 reorganization proceedings. We affirm.
 

 I
 

 BACKGROUND
 

 Abijoe commenced these chapter 11 proceedings on September 11, 1985, scheduling Banco Central y Economías (“Banco Central”) as the holder of a disputed $524,-170.30 claim based on a judgment. Banco Central did not file a proof of claim and, on August 29, 1986, after some initial skirmishing with Abijoe, Banco Central sold its judgment to Corporación Liquidadora de Bienes, Inc. (“Liquidadora”). Liquidadora filed a proof of claim in the amount of $524,170.30, based on the Banco Central judgment, and moved to dismiss the chapter 11 case.
 
 [1]
 

 
 *124
 
 On January 30, 1987, Abijoe’s own counsel mailed all appellants a notice of hearing, scheduled for March 11,1987, on Liqui-dadora’s motion to dismiss the chapter 11 petition. Abijoe’s counsel did not appear at the March 11 hearing. The bankruptcy court proceeded with the hearing and ordered dismissal of the chapter 11 case. Abijoe seasonably filed a motion to alter or amend the order of dismissal, which the bankruptcy court denied.
 

 Appellants filed timely notices of appeal to the United States District Court for the District of Puerto Rico. The district court affirmed the order of dismissal and denied Abijoe’s motion for rehearing under Bankruptcy Rule 8015. Soon afterward, all appellants filed timely notices of appeal from the district court order.
 
 [2]
 
 Appellants assign numerous errors, which we group around four basic contentions for convenience in discussion: (1) Liquidadora lacked standing to request dismissal of the chapter 11 case; (2) the alleged partiality of the bankruptcy judge requires vacation of the dismissal order; (3) appellants were denied due process by the bankruptcy court; and (4) the dismissal order constituted an abuse of discretion.
 

 II
 

 DISCUSSION
 

 A.
 
 Standing to Request § 1112(b) Dismissal
 

 Abijoe argues that Liquidadora did not have standing to request dismissal, because (1) the Banco Central judgment was based on a discharged debt, (2) Liquidadora complied neither with Bankruptcy Rule 3001(e) nor with Puerto Rico’s Mortgage Law of 1979, and (3) Liquidadora pledged the Banco Central judgment as security for a line of credit obtained during these reorganization proceedings.
 
 [3]
 

 The bankruptcy court may dismiss a chapter 11 case on request of a “party in interest,” after notice and a hearing. 11 U.S.C. § 1112(b).
 
 [4]
 
 Bankruptcy Code
 
 *125
 
 § 1109 defines a “party in interest” as “including ... a creditor
 
 ...”
 
 11 U.S.C. § 1109(b), and expressly authorizes a “party in interest” to “raise[,] ... appear and be heard on any issue in a case under this chapter.”
 
 Id.; see also id.
 
 § 102(3) (“ ‘includes’ and ‘including’ are not limiting”). A “creditor” thus has standing to request dismissal of a chapter 11 case under Bankruptcy Code § 1112(b).
 
 See, e.g., In re Sullivan Central Plaza I, Ltd.,
 
 935 F.2d 723, 726 (5th Cir.1991) (“creditor” has standing to move for conversion of chapter 11 case under § 1112(b));
 
 In re First Lewis Road Apts., Inc.,
 
 11 B.R. 575, 576 (Bankr.E.D.Va.1981) (motion to dismiss);
 
 In re Iberis Int'l, Inc.,
 
 72 B.R. 624, 626 (Bankr.W.D.Wisc.1986) (motion to convert).
 

 Bankruptcy Code § 101(9)(A) defines a “creditor” as including an “entity that has a
 
 claim
 
 against the debtor that arose at the time of or before the order for relief concerning the debtor.” (Emphasis added). Section 101(4)(A) in turn adopts the “broadest possible definition” of “claim,” H.R.Rep.
 
 No.
 
 595, 95th Cong., 2d Sess. 309,
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5963, 6266; S.Rep. No. 989, 95th Cong., 2d Sess. 21-22,
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5787, 5807, 5808, as including a “right to payment, whether or not reduced to
 
 judgment,
 
 liquidated, unliquidated, fixed, contingent, matured, unmatured,
 
 disputed,
 
 undisputed, legal, equitable, secured, or unsecured.” (Emphasis added). Liquidadora plainly qualified as a “creditor” under Bankruptcy Code § 101(9)(A), as the holder of a “right to payment” from Abijoe, albeit disputed, in the form of a final judgment entered April 24, 1984, in the amount of $524,170.30.
 

 The arguments marshalled by Abijoe against Liquidadora’s standing to request dismissal under Bankruptcy Code § 1112(b) present a challenge to the
 
 allow-ability
 
 of Liquidadora’s claim under Bankruptcy Code .§ 502.
 
 [5]
 
 The matter of claim “allowability” is altogether distinct,'however, from whether the holder of a claim enjoys creditor status, since Bankruptcy Code § 101(4)(A) plainly defines “claim” as a “right to payment, whether or not such right is ... disputed,” 11 U.S.C. § 101(4)(A). Thus, a “creditor” may move for dismissal under Bankruptcy Code § 1112(b), whether or not its claim has as yet been allowed.
 
 [6]
 

 See, e.g., In re Stamford Color Photo, Inc.,
 
 105 B.R. 204, 206-07 (Bankr.D.Conn.1989) (holder of unsecured claim, scheduled as disputed and contingent, who failed to file timely proof of claim, not entitled to share in distribution but nonetheless enjoyed § 1112(b) standing as “creditor,” with “right to payment”);
 
 In re Welwood Corp.,
 
 60 B.R. 319, 321 (Bankr.M.D.Fla.1986) (holder of disputed claim was “creditor,” as defined in § 101(9)(A), entitled to request § 1112(b) dismissal);
 
 cf. In re Broshear,
 
 122 B.R. 705, 707 (Bankr.S.D.Ohio 1991) (alleged holder of disputed claim was “creditor” within meaning of § 101(9)(A), with standing to oppose dismissal).
 

 Although the showing required to enable an entity to assert “creditor” standing under Bankruptcy Code § 1112(b) is minimal, a facially meritless proof of claim which plainly evidences no “right to payment,” disputed or otherwise, cannot confer “creditor” standing upon the holder. For example, in
 
 In re J.M. Check Cashing Corp.,
 
 49 B.R. 273, 277 (Bankr.E.D.N.Y.1985), it was held that a would-be
 
 *126
 
 creditor who had loaned money to individual corporate officers did not hold a “claim” against the corporation, and hence could not file an involuntary petition against the corporation.
 
 See
 
 11 U.S.C. § 303(b);
 
 cf. In re Wells Properties, Inc.,
 
 102 B.R. 685, 693 (Bankr.N.D.Ill.1989) (assertions of right to payment made by prepetition “tax purchasers” of debtor’s property were not “claims” against the debtor, since “tax purchasers” possess no right to payment from owners of affected properties).
 

 The proof of claim submitted by Liquidadora, on the other hand, was based on a final judgment of the Puerto Rico Superior Court.
 
 [7]
 
 Even though Abijoe has challenged the allowability of the claim, there can be no doubt that a judgment, in all respects
 
 regular
 
 on its face, cannot be considered meritless on its face. Indeed, formidable obstacles confront any challenge to the “full faith and credit” of a state court judgment.
 
 See
 
 28 U.S.C. § 1738 (authenticated state judicial proceedings enjoy same full faith and credit in federal courts as is conferred by law or usage in the state);
 
 e.g., Parsons Steel, Inc. v. First Alabama Bank,
 
 474 U.S. 518, 519, 106 S.Ct. 768, 769, 88 L.Ed.2d 877 (1986). We conclude, therefore, that Liqui-dadora, as the holder of a disputed right to payment, enjoyed “creditor” standing which enabled it to request dismissal of the chapter 11 case.
 

 B.
 
 Recusal of Judge
 

 While its rule 8015 motion for rehearing remained under advisement by the district court, Abijoe submitted to the
 
 district
 
 court a rule 60(b) motion to vacate the
 
 bankruptcy
 
 court order of dismissal, on the ground that the bankruptcy judge was not impartial and should have recused herself. Abijoe alleged that the bankruptcy judge, while a practicing attorney, had represented creditors in the bankruptcy proceedings of two other debtor corporations headed by Abimael Hernández González, Abijoe’s president.
 
 [8]
 
 Abijoe withheld its allegations against the bankruptcy judge until after adverse rulings had been entered against it both by the bankruptcy judge and by the district court, sitting as an intermediate appellate court. Moreover, although Hernández is a party to these proceedings, and Abijoe’s claim of partiality (or its appearance)
 
 necessarily
 
 depends on a showing that the bankruptcy judge lacked impartiality toward Hernández, Her-nández made no claim below against the bankruptcy judge.
 

 “In general, ‘[o]ne must raise the disqualification of the ... [judge] at the
 
 earliest
 
 moment after [acquiring] knowledge of the [relevant] facts.’ ”
 
 United States v. Owens,
 
 902 F.2d 1154, 1156 (4th Cir.1990) (emphasis added) (citation omitted).
 
 Accord Phillips v. Amoco Oil Co.,
 
 799 F.2d 1464, 1472 (11th Cir.1986),
 
 cert. denied,
 
 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987);
 
 Oglala Sioux Tribe v. Homestake Mining Co.,
 
 722 F.2d 1407, 1414 (8th Cir.1983). In the words of Judge Aldrich, “a party, knowing of a ground for requesting disqualification, can not be permitted to wait and decide whether he likes subsequent treatment that he receives.”
 
 In re United Shoe Machinery Corp.,
 
 276 F.2d 77, 79 (1st Cir.1960) (applying 28 U.S.C. § 144).
 

 The district court denied Abijoe’s rule 60(b) motion, in part because Abijoe
 
 *127
 
 had refrained from raising the impartiality claim throughout the entire course of the two-year long proceedings before the bankruptcy judge. The district court acted well within its discretion. We would add that by first presenting its claim of judicial partiality against the bankruptcy judge in a postjudgment motion before the district court, Abijoe effectively insulated its claim from effective judicial scrutiny at either level. In light of Abijoe’s calculated withholding of the disqualification claim, we deem the claim waived.
 
 [9]
 

 C.
 
 Due Process
 

 Appellants claim they were denied: (1) access to the Banco Central judgment until the day of the hearing; (ii) adequate notice of hearing on the motion to dismiss; and (iii) the right to present evidence at the dismissal hearing, consisting of the testimony of Abijoe’s “representative,” Mr. Hernandez. We consider these arguments in turn.
 
 [10]
 

 First, appellants Abijoe, Hernández and Martinez frivolously assert that their due process rights were denied by lack of access to the Banco Central judgment in advance of the March 11 hearing. The Banco Central judgment was obtained
 
 against these appellants.
 
 As to the remaining appellants, Liquidadora’s proof of claim plainly identifies the judgment by specific reference to the Puerto Rico Superior Court which entered the judgment, and the case number. Thus, any appellant desiring to examine the judgment had only to obtain a copy, if not from the bankruptcy court, from the Puerto Rico Superior Court.
 

 Second, appellants received adequate notice of the dismissal hearing. On January 30, 1987, more than a month in advance of the March 11 hearing, Abijoe’s own counsel filed with the bankruptcy court a “Notice of Hearing,” informing “all creditors and parties in interest” that a hearing would be held on March 11 before the bankruptcy judge on a variety of matters, including Liquidadora’s “amended motion to dismiss.” The certificate of service indicates that notice was sent to all appellants. Indeed, Abijoe’s president, Mr. Hernández, appeared at the dismissal hearing, though Abijoe’s counsel did not. Thus, appellants were provided ample notice of the dismissal hearing.
 
 See
 
 Bankruptcy Rule 2002(a)(5) (debtor and all creditors shall be given not less than 20 days’ notice by mail of hearing on dismissal of case).
 

 Third, appellants are unable to sustain their burden of establishing a denial of their right to present evidence before the bankruptcy court, as they have not provided a transcript of the dismissal hearing before the bankruptcy court.
 
 See
 
 FRAP 6(b)(2)-(ii);
 
 notes
 
 1 & 10
 
 supra.
 
 Without a transcript, it is impossible to determine whether appellants made the requisite evidentiary proffer or whether the rejection of any proffer constituted an abuse of discretion.
 
 See
 
 Fed.R.Evid. 103(a)(2) (“Error may not be predicated upon a ruling which ... excludes evidence unless ... the substance of the evidence was made known to the court by offer_”);
 
 see also
 
 Fed. R.Evid. 1101(b) (“These rules apply ... to
 
 *128
 
 proceedings and cases under title 11, United States Code.”).
 

 Appellants have not sustained their burden on any of their due process claims.
 
 [11]
 

 D.
 
 Dismissal of Chapter 11 Case
 

 Section 1112(b) of the Bankruptcy Code empowers the bankruptcy court to dismiss a chapter 11 case “for cause, including — (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; (2) inability to effectuate a plan; and (3) unreasonable delay by the debtor that is prejudicial to creditors.” 11 U.S.C. § 1112(b)(1), (2), (3).
 
 See also id.
 
 § 102(3). The legislative history discloses a clear congressional intent to invest the bankruptcy court with “wide discretion ... to make an appropriate disposition of the case” and “to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases.” H.R.Rep. No. 595, 95th Cong., 2d Sess. 406,
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin. News 5963, 6361-62. A bankruptcy court determination to dismiss a chapter 11 case for cause will be affirmed on appeal absent an abuse of discretion,
 
 see In re Northwest Place, Ltd.,
 
 108 B.R. 809, 813-14 (N.D.Ga.1988), or the application of an erroneous legal standard.
 
 [12]
 

 On September 11, 1986 — one year to the day after initiating the chapter 11 case involved in the present appeal — Abijoe submitted its proposed reorganization plan,
 
 see
 
 11 U.S.C. § 1123, and its disclosure statement,
 
 see id.
 
 § 1125(b). The disclosure statement contained no financial statement, and but minimal identification and no valuation of assets. It offered an
 
 estimation
 
 of the total value of its unidentified assets, with no breakdown of assets and liabilities and no liquidation analysis. The disclosure statement expressed an intention to develop certain real property as a regional industrial park, but neither it nor the proposed plan identified prospective tenants or provided cash flow or expense projections.
 

 The bankruptcy court granted the motion to dismiss. The bankruptcy court later reconsidered its dismissal order, and prudently reaffirmed it in light of the above-noted deficiencies in Abijoe’s disclosure statement and the substantial amount of time which had passed since the commencement of the proceedings. The bankruptcy court noted as well that Abijoe had refused to execute the “Debtor Declaration Under Oath at the [§] 341 [Creditors’] Meeting.”
 

 Abijoe avoids any direct challenge to the legal bases relied on by the bankruptcy court in support of its denial of the motion for reconsideration. Instead, Abijoe argues that dismissal was unwarranted, inasmuch as Liquidadora had other means of acquiring any information not presented in Abijoe’s disclosure statement, and dismissal would only benefit Liquidadora.
 
 [13]
 
 Thus, Abijoe must satisfy us that the bankruptcy court abused its discretion by relying on Abijoe’s failure to provide adequate disclosure,
 
 see
 
 11 U.S.C. § 1125(b), and on
 
 *129
 
 Abijoe’s abysmal prospects for rehabilitation, rather than on Abijoe’s contention that Liquidadora should not be allowed to benefit from the dismissal of Abijoe’s case when there were alternative sources of information to which Liquidadora might have had recourse. Judicial discretion would be reduced to very little indeed if its abuse could be established on so flimsy a basis. The bankruptcy court acted well within its discretion in dismissing the case. A neutral view of the record in this case reveals a clear abuse of the provisions of chapter 11 by Abijoe, which the bankruptcy court put to an end none too soon.
 

 The judgment of the district court is affirmed. Costs are awarded to appellee.
 

 [1]
 

 . The record on appeal omits important portions of the record before the bankruptcy court and the district court, due to appellants’ initial failure to designate a complete record under Bankruptcy Rule 8006, and their subsequent failure to redesignate the record under Federal Rule of Appellate Procedure (otherwise “FRAP”) 6(b)(2)(H) (requiring
 
 redesignation
 
 of the appellate record previously assembled in the bankruptcy court pursuant to Bankruptcy Rule 8006).
 
 See
 
 FRAP 6(b)(2) advisory committee note. The record does not include,
 
 inter alia,
 
 a transcript of the dismissal hearing, a copy of Abijoe’s schedule of creditors, or a copy of any claims register entry relating to Liquidadora’s proof of claim,
 
 see
 
 Bankruptcy Rule 5003(b). A photocopy of Liquidadora’s proof of claim is included, however, together with a copy of the Banco Central judgment.
 

 The responsibility for voids in the appellate record must reside with the party whose claim of error depends for its support upon any portion of the record of the proceedings below which was omitted from the designation of the record on appeal.
 
 See
 
 Bankruptcy Rule 8006; FRAP 6(b)(2)(H);
 
 In re Payeur,
 
 22 B.R. 516, 519 (1st Cir.BAP 1982) (applying former Bankruptcy Rule 806 and former FRAP 7);
 
 see also McPhail v. Municipality of Culebra,
 
 598 F.2d 603, 607 n. 7 (1st Cir.1979) ("As the party urging that error occurred below, it is appellants’ responsibility to designate the portion of the record in which that error may be found.”).
 
 See generally,
 
 9 L. King, R.G. Ayers, R. Broude,
 
 &
 
 T. Gewertz,
 
 Collier on Bankruptcy
 
 ¶ 8006.04, at 8006-7 (15th ed. 1990). As appellee has raised no objection to appellants’ failure to designate a record, we endeavor to evaluate appellants’ claims of error to the extent the limited record on appeal, con
 
 *124
 
 sisting of the district court record and the parties' appendices, permits.
 
 See United States v. One Yacht Named Mercury,
 
 527 F.2d 1112, 1113 (1st Cir.1975) (despite failure to include transcript in "record appendix" and various procedural defaults, "[w]e do not dismiss the appeal in this case, but proceed to such a review of the merits as the record allows”).
 

 [2]
 

 . We reject Liquidadora’s contention that we lack jurisdiction of Abijoe’s appeal. Liquidado-ra argues that the district court denied Abijoe’s rule 8015 motion for rehearing by order entered February 21, 1990, more than 30 days before Abijoe filed its notice of appeal. We do not agree. The earliest district court order which reasonably could be considered a denial of Abi-joe’s rule 8015 motion for rehearing was entered on March 26, 1990.
 
 See
 
 FRAP 6(b)(2)(i) ("the time for appeal to the court of appeals for all parties shall run from the entry of the order denying the [rule 8015 motion for] rehearing or the entry of the subsequent judgment”).
 

 [3]
 

 . In a Federal Rule of Civil Procedure (otherwise “FRCP”) 60(b) motion, filed with the
 
 district
 
 court on December 6, 1989, appellants also argued that "newly discovered evidence" revealed that the Banco Central judgment had been satisfied. Leaving aside the dubious propriety of presenting a rule 60(b)(2) motion for postjudgment relief to an appellate court, the "newly discovered” evidence involved events occurring on April 28, 1989—long after the dismissal order. These revelations therefore were not "newly discovered evidence” within the meaning of rule 60(b)(2).
 
 See Rivera
 
 v.
 
 M/T Fossarina,
 
 840 F.2d 152, 156 (1st Cir.1988) ("‘newly discovered evidence' normally refers to 'evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant’”) (citation omitted);
 
 Johnson
 
 v.
 
 Offshore Express, Inc.,
 
 845 F.2d 1347, 1358 (5th Cir.) (“newly discovered evidence" must be of facts existing at time of trial) (collecting cases),
 
 cert. denied,
 
 488 U.S. 968, 109 S.Ct. 497, 102 L.Ed.2d 533 (1988). Moreover, newly discovered evidence purporting to show that the judgment was satisfied on April 28, 1989, would not bear upon Liquidadora’s standing in 1986-87.
 

 [4]
 

 .Bankruptcy Code § 1112(b) provides in relevant part:
 

 ... on request of a party in interest ..., and after notice and a hearing, the court may convert a case under this chapter [11] to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause....
 

 11 U.S.C. § 1112(b).
 

 "After notice and a hearing” is a defined term, which means after such notice and opportunity for a hearing as is appropriate in the particular circumstances. 11 U.S.C. § 102(1)(A). Significantly, the Bankruptcy Code "authorizes an act without an actual hearing if such notice is given properly and if—(i) such a hearing is not re
 
 *125
 
 quested timely by a party in interest_”
 
 Id.
 
 § 102(l)(B)(i).
 

 [5]
 

 . A claim, proof of which has been filed under § 501, is automatically deemed allowed. 11 U.S.C. § 502(a). If objection is made, however, the claim is no longer deemed allowed, and an express order of allowance is necessary.
 
 Id.
 
 § 502(a), (b).
 

 [6]
 

 . We do not suggest that the holder of a
 
 disallowed
 
 claim is a "creditor," since final disallow-anee would constitute a judicial determination that the holder had no "right to payment.”
 
 See In re Rath Packing Co.,
 
 55 B.R. 528, 534-35 (Bankr.N.D.Iowa 1985) (holder of disallowed claim not "creditor" with standing to object to modification of plan). Moreover, mere filing of a proof of claim meritless on its face cannot confer "standing" pending a determination of its allowability, if the claim has been challenged
 
 and
 
 no colorable substantiation is forthcoming from the holder.
 
 See infra
 
 pp. 125-26.
 

 [7]
 

 . The contention that Liquidadora pledged the Banco Central judgment after it moved to dismiss goes beyond the issue of allowability, to the question whether Liquidadora in fact held a claim against Abijoe. By pledging the judgment, however, Liquidadora did not cease to be a "creditor.”
 
 See
 
 Bankruptcy Rule 3001(e)(3) ("If a claim ... has been transferred for security before proof of the claim has been filed, the transferor or transferee or both may file a proof of claim for the full amount.”).
 

 [8]
 

 . Mr. Hernández was Abijoe’s president and its "representative” before the bankruptcy court, and is now a creditor-appellant before us. Her-nández met with then attorney de Jesus on several occasions during the course of the earlier bankruptcy proceedings of the two debtor companies.
 
 See In re Abijoe Realty, Inc.,
 
 No. 87-01232, slip op. at 2 (Bankr.D.P.R. January 17, 1989). Hence, there can be no doubt that Hernández, long before the commencement of these chapter 11 proceedings, knew about the involvement of the bankruptcy judge in the two earlier bankruptcy cases.
 

 [9]
 

 . In declining to address the merits of Abijoe’s allegation against the bankruptcy judge we are not to be understood as intimating that the claim had any merit. Abijoe has raised no plausible challenge to the impartiality, or the appearance of impartiality, of the bankruptcy judge.
 

 [10]
 

 . We reject Abijoe’s frivolous and belated contention, advanced for the first time at oral argument before us, that Liquidadora’s failure to make personal service of the motion to dismiss deprived the bankruptcy court of jurisdiction over Abijoe.
 

 Abijoe alleges also that the bankruptcy court improperly dismissed the chapter 11 proceedings as a sanction for its counsel’s failure to appear at the hearing on the motion to dismiss. Abijoe conveniently did not designate the hearing transcript as part of the record on appeal to the district court,
 
 see
 
 Bankruptcy Rule 8006, or to this court,
 
 see
 
 FRAP 6(b)(2)(ii), so as to enable an evaluation of the merits of its contention.
 
 See supra
 
 note 1. We therefore reject Abijoe’s claim on the strength of the reasons for dismissal given by the bankruptcy judge in her denial of Abijoe’s motion to alter or amend the judgment of dismissal, which statement included no mention of the failure of Abijoe’s counsel to appear at the dismissal hearing.
 

 [11]
 

 .Abijoe and Hernández intimate that the bankruptcy court deprived them of due process by proceeding with the dismissal hearing in the absence of Abijoe’s counsel and by not permitting Hernández to take the stand as Abijoe’s representative. Their claims are insufficiently developed to merit review.
 
 See United States v. Zannino,
 
 895 F.2d 1, 17 (1st Cir.) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived”),
 
 cert. denied,
 
 — U.S. -, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990). Moreover, we are not prepared to assume that Abijoe and Hernández were either surprised or prejudiced as a consequence of counsel’s failure to appear at the hearing, since Abijoe’s counsel was responsible for providing notice of the hearing, and offered no sufficient excuse for his failure to appear.
 
 See also supra
 
 note 4.
 

 [12]
 

 .
 
 Cf. In re Albany Partners, Ltd.,
 
 749 F.2d 670, 674 (11th Cir.1984) ("the determination of cause under § 1112(b) is ‘subject to judicial discretion under the circumstances of each case.’”).
 

 [13]
 

 . Abijoe contends that the dismissal order was improvident because Liquidadora acted in bad faith. Yet Abijoe suggests no relevant connection between Liquidadora’s alleged bad faith and Abijoe’s failure to make adequate disclosure, or even to propose some nonimaginary plan for reorganization.
 
 See, e.g.,
 
 Bankruptcy Code §§ 1123(a)(5), 1125(a) and (b), 1129(a)(7)(A).