In re John Luther JOHNSTON, Debtor.

John L. JOHNSTON, Appellant,

v.

JEM DEVELOPMENT CO., Neal McFarland, Bradley Enright, Thomas Enright, Keith Galliher, Colleen Eckman, Verlamae Rigby, Trustees of the Teamsters, Troy and Nichols, IRS, CSC Financial Services, Cenlar Federal Savings Bank, New Mexico Taxation Department, Arizona Department of Transportation, Martin J. Safko, Appellees.

BAP No. NV–90–1789–ARP.
Bankruptcy No. BK–S 90–01317–RCJ.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Sept. 17, 1992.

Decided Dec. 16, 1992.

George R. Carter, Las Vegas, NV, for John L. Johnston.

Paul V. Carrelli, Las Vegas, NV, for Jem Development Co. et al.

Before ASHLAND, RUSSELL and PERRIS, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

John Luther Johnston appeals an order of the bankruptcy court for conversion from a Chapter 11 bankruptcy case to one under Chapter 7 based on the inability of the debtor to propose an effective plan of reorganization. We affirm.

## STATEMENT OF THE FACTS

The debtor John Johnston owned a trucking and hauling company. In 1986 Johnston sold his business to his nephew Bradley Enright and Neal McFarland, both of whom were in the employ of Johnston prior to the sale, and Jem Development Company, a corporation created by Enright and McFarland. The terms of sale were set forth in an oral agreement between the parties on December 1, 1986, which was

committed to writing in July 1987 and modified in November 1987. The sale price for the business was $553,736, which was allegedly the appraised value of the equipment. The purchasers assert that the assets of the business included the vehicles, equipment, Johnston's Certificate of Public Convenience & Necessity (also known as a common carrier certificate, which is required by the state of Nevada to allow trucks access to Nevada public highways), insurance paid from September 1986 through September 1987, and a contract with the federal government to load minerals once or twice a year in Las Vegas.

Johnston also advanced funds to the purchasers for the start-up of the business. A promissory note was executed on January 2, 1987 for $56,100.12 in connection with that debt.

The purchasers defaulted on the payments under the sale agreement and the promissory note. Johnston served a notice of default and intent to repossess the assets on November 23, 1987, and a second notice on March 24, 1988.

On April 21, 1988, the purchasers filed a complaint in state court against Johnston for, among other things, rescission and cancellation of the contract for fraud, or in the alternative enforcement of the first contract, and the appointment of a receiver. Johnston counter-sued the purchasers. The purchasers contend that as a result of the complaint, the court ordered the appointment of a receiver; Johnston contends that the court ordered all the assets of the business be delivered to him. Johnston states that he subsequently took possession of the accounts receivable, bank accounts and certain of the equipment.

On April 23, 1990, Johnston filed a petition for relief under Chapter 11 of the Bankruptcy Code. The purchasers formed a creditors committee and filed a motion to dismiss or convert the bankruptcy case on June 13, 1990. The Office of the United States Trustee joined in the motion to dismiss or convert.

On July 25, 1990, at the hearing on the conversion motion, the testimony of Johnston reflected, among other things, a failure to maintain adequate insurance on the vehicles, TR 57:15–59:3, a failure to file an annual report concerning Johnston's common carrier certificate, thereby subjecting the certificate to termination, TR 54:18–56:10, and insufficient income of Johnston to continue operations of the hauling and trucking business, TR 61:14–62:2. The court ordered the case converted to Chapter 7 and Johnston timely appealed.

The purchasers have advised this panel in their opening brief that subsequent to filing this appeal Johnston's common carrier certificate had been revoked, precluding continued operation of the business. They further advise that the trustee has sold the equipment and vehicles at auction for approximately $125,000 and that the trustee and purchasers have entered in to a settlement agreement, subject to bankruptcy court approval, resolving their claims against each other. For these reasons, purchasers question whether the appeal is moot.

## STATEMENT OF THE ISSUE

Whether the bankruptcy court abused its discretion in granting the motion to convert the bankruptcy case from Chapter 11 to Chapter 7.

## STANDARD OF REVIEW

■ Under Bankruptcy Code § 1112(b) the bankruptcy court is given wide discretion to convert a case to Chapter 7 for cause. *In re Koerner*, 800 F.2d 1358, 1367 (5th Cir.1986). A bankruptcy court's order for conversion of a case is reviewed for an abuse of discretion. *In re Klein/Ray Broadcasting*, 100 B.R. 509, 511 (9th Cir. BAP 1987).

## DISCUSSION

Johnston contends that the bankruptcy court's grant of the motion to convert his Chapter 11 case was an abuse of the court's discretion because (1) he was not given a reasonable time to file a plan (the Chapter 11 case was filed on April 23, 1990 and the case was converted less than four months later on August 8, 1990); (2) the

purchasers did not meet their burden of proving the elements of Bankruptcy Code § 1112(b); and (3) the purchasers were debtors, rather than creditors of Johnston's estate, and not proper parties to bring a motion to convert.

■ Pursuant to 11 U.S.C. § 1112(b), a court may convert a Chapter 11 case to a Chapter 7 case for cause on request of *a party in interest* and after notice and a hearing. 11 U.S.C. § 1112(b); *In re Rubenstein*, 71 B.R. 777, 778 (9th Cir. BAP 1987). 11 U.S.C. § 1109(b) defines a "party in interest" as "including ... a creditor ...," and expressly authorizes a party in interest to raise, appear, and be heard on any issue in a case under Chapter 11. Accordingly, a creditor has standing to request the conversion from Chapter 11 to Chapter 7 pursuant to § 1112(b). *See, In re Sullivan Central Plaza I, Ltd.*, 935 F.2d 723, 726 (5th Cir.1991) ("creditor" has standing to move for conversion of a Chapter 11 case under § 1112(b)); *see also, In re Abijoe Realty Corp.*, 943 F.2d 121, 125 (1st Cir.1991) ("creditor" has standing to move for dismissal of Chapter 11 case under § 1112(b)).

Johnston contends, that although the purchasers are listed in his payment schedules and have filed proofs of claim, they are not creditors, but debtors. The bankruptcy court correctly held otherwise. Pursuant to 11 U.S.C. § 101(10)(A), a creditor is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." In turn, § 101(5)(A) adopts the broadest possible definition of claim as including a "right to payment, whether or not reduced to judgment liquidated, unliquidated, fixed contingent, mature, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *See, In re Abijoe*, 943 F.2d at 125.

Here, the purchasers are creditors pursuant to § 101(10)(A) because they are the holders of a right to payment. This right, although in dispute, is nevertheless a claim. Accordingly, the holder of this claim is a creditor of the debtor. "Thus, a 'creditor' may move for dismissal under Bankruptcy Code § 1112(b) whether or not its claim has as yet been allowed." *In re Abijoe*, 943 F.2d at 125; *see also, In re Stamford Color Photo, Inc.*, 105 B.R. 204, 206–207 (Bankr.D.Conn.1989) (holder of unsecured claim, scheduled as disputed and contingent who failed to file timely proof of claim, is not entitled to share in distribution but nonetheless enjoyed § 1112(b) standing as "creditor" with "right to payment"); *In re Palmer*, 134 B.R. 472, 475 (Bankr.D.Conn. 1991) (although creditor's claim was arguably defective, creditor was nonetheless a party in interest pursuant to § 1112(b)); *In re Welwood Corp.*, 60 B.R. 319, 321 (Bankr.M.D.Fla.1986) (holder of disputed claim was "creditor," as defined in § 101(9)(A), entitled to request § 1112(b) dismissal).

■ Even though "the showing required to enable an entity to assert 'creditor' standing under Bankruptcy Code § 1112(b) is minimal ...," merely filing a meritless claim does not afford a claimant standing. *In re Abijoe*, 943 F.2d at 125. In this case, however, Johnston listed the purchasers in his payment schedules under contingent and unliquidated claims in the amount of $400,000. This amount stems from a pending state court claim by the purchasers against Johnston. Moreover, the purchasers submitted additional proofs of claim respectively valued at $50,000 and $114,000 for services rendered. The court, therefore, correctly found that these claims were sufficiently meritorious to confer standing.

■ Furthermore, the United States Trustee joined in the motion to dismiss or convert. The United States Trustee, pursuant to § 1112(b), is a recognized party in interest with standing to request after notice and a hearing the dismissal or conversion of a Chapter 11 case. *See, In re Timbers of Inwood Forest Associates, Ltd.*, 802 F.2d 777 (5th Cir.1986); *see also, In re Tiana Queen Motel, Inc.*, 749 F.2d 146, 150 (2nd Cir.1984), *cert. denied*, 471 U.S. 1138, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985). We therefore find that the motion to dismiss or convert was properly brought before the bankruptcy court.

■ The bankruptcy court granted the motion to convert based upon the debtor's inability to effectuate a plan of reorganization and because further delay would be prejudicial to creditors. We do not find that the bankruptcy court's ruling was an abuse of discretion.

At the hearing on the motion to dismiss or convert, Johnston admitted that there was not sufficient insurance maintained on the equipment and vehicles owned or leased by the business. *See,* TR 51:1–10; 52:1–5; and 57:15–58:7. Johnston further admitted that he failed to file an annual report concerning his common carrier certificate; that the certificate was subject to revocation because no annual report was filed; and that the business could not operate without such a certificate. *See,* TR 54:16–56:10. Johnston's testimony showed that certain of the vehicles and equipment were unusable because of disrepair and that he did not have the funds to make the necessary repairs. *See,* TR 61:2–23.

The record shows that Johnston lacked the income which would indicate a reasonable likelihood of rehabilitation. Furthermore, the position of creditors was continuing to erode and creditors were not likely to be satisfied if the case remained in a Chapter 11. This constituted sufficient grounds for conversion of the case under § 1112(b)(1). *See, In re Koerner,* 800 F.2d 1358, 1368 (5th Cir.1986) (a debtor's inability to effectuate a plan and the resulting detriment to creditors constitutes cause to convert a case to a Chapter 7); *see also, In re Air Beds, Inc.,* 92 B.R. 419, 424 (9th Cir. BAP 1988); *In re Fossum,* 764 F.2d 520, 521–2 (8th Cir.1985).

Additionally, the bankruptcy court found it critical that Johnston's common carrier certificate was subject to revocation and the business would be rendered inoperable if this occurred. (In fact, the purchasers contend that the certificate was revoked subsequent to the filing on this appeal.) The inability of a debtor to effectuate a plan is further grounds for conversion of a case. 11 U.S.C. § 1112(b)(2); *In re Warner,* 30 B.R. 528, 530 (9th Cir. BAP 1983).

■ Johnston contends that the court below did not provide him with a reasonable opportunity to demonstrate his ability to effectuate a plan of reorganization. The conversion was ordered less than four months after the Chapter 11 petition was filed. However, where there is no reasonable possibility of an effective reorganization, the bankruptcy court is not compelled to wait a certain period of time, to the detriment of creditors, before ordering conversion of the case. *See, Stage I Land Co. v. U.S. Dept. of H.U.D.,* 71 B.R. 225, 231 (D.Minn.1986) (Chapter 11 case should be dismissed at the outset for cause where no reasonable possibility of a reorganization exists); *In re Macon Prestressed Concrete Co.,* 61 B.R. 432, 436 (Bankr.M.D.Ga.1986) (with respect to conversion, "the debtor should be given a fair opportunity to reorganize, but the debtor should not be permitted to continue in a futile effort to reorganize."); *In re Economy Cab & Tool Co. Inc.,* 44 B.R. 721, 724 (Bankr.D.Minn.1984) (Chapter 11 case may be converted in early stages of proceeding where movant can show that there is "no more than a 'hopeless and unrealistic prospect' of rehabilitation").

## CONCLUSION

For the above reasons we affirm the order of the bankruptcy court converting the case to Chapter 7.