76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re BAY AREA MATERIAL HANDLING, INC., Debtor.
BAY AREA MATERIAL HANDLING, INC., Debtor-Appellant,
v.
UNITED STATES TRUSTEE; Yale Materials Handling Corporation,
Trustees-Appellees.
 No. 94-15815.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Jan. 25, 1996.
 
 1
 Before: FERGUSON and HAWKINS, Circuit Judges, and NIELSEN* Chief District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Debtor Bay Area Material Handling, Inc. appeals the order of the United States District Court for the Northern District of California (Conti, J.) affirming the decision of the United States Bankruptcy Court for the Northern District of California (Jellen, J.) to convert Bay Area's bankruptcy case from Chapter 11 to Chapter 7. Bay Area contends, first, that the bankruptcy court's factual findings were clearly erroneous; second, that the bankruptcy court improperly admitted evidence of Bay Area's settlement negotiations in related litigation; and, third, that it was denied due process because conversion entailed appointment of a trustee to oversee its litigation. Bay Area also contends Yale Materials Handling Corporation lacks standing in this appeal.
 
 
 4
 We have jurisdiction over Bay Area's appeal pursuant to 28 U.S.C. § 158(d). For the reasons discussed below, we affirm the district court's decision upholding conversion.
 
 DISCUSSION
 
 5
 Bay Area was formerly a distributor of Yale forklifts, and was financed almost entirely with loans from Yale. In 1991, Yale curtailed Bay Area's credit limit and began selling machinery in competition with Bay Area. In response, Bay Area sued Yale in California state court, alleging breach of contract, fraud, and intentional interference with economic advantage. Yale filed a cross-complaint against Bay Area's principal shareholders on their personal guarantees of Yale's loans to Bay Area, and subsequently obtained a writ of possession attaching all Yale collateral in Bay Area's possession. On October 15, 1991, Bay Area filed for voluntary bankruptcy protection under Chapter 11 of the bankruptcy statute, 11 U.S.C. §§ 1101-1174. Pursuant to the bankruptcy court's subsequent relief from stay, Bay Area liquidated its assets and transferred cash and remaining assets to Yale. The parties dispute whether this transfer satisfied Bay Area's indebtedness.
 
 
 6
 On September 23, 1993, the bankruptcy court granted the U.S. Trustee's motion to convert Bay Area's case to Chapter 7. The district court affirmed the conversion on April 18, 1994. This appeal followed.
 
 
 7
 1. Conversion of the case from Chapter 11 to Chapter 7
 
 
 8
 We review de novo a district court's decision on appeal from bankruptcy court. In re Siragusa, 27 F.3d 406, 407 (9th Cir.1994). We review for abuse of discretion a bankruptcy court's conversion of a case from Chapter 11 to Chapter 7. In re Johnston, 149 B.R. 158, 160 (Bankr. 9th Cir.1992). We will reverse a bankruptcy court's findings of fact only if clearly erroneous. In re Ferrante, 51 F.3d 1473, 1476 (9th Cir.1995).
 
 
 9
 A bankruptcy court may convert a case from Chapter 11 to Chapter 7 for "cause[,]" including "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation[,]" and "inability to effectuate a [reorganization] plan[.]" 11 U.S.C. §§ 1112(b)(1)-(2). Section 1112(b) affords courts broad discretion in deciding whether cause exists. Johnston, 149 B.R. at 160.
 
 
 10
 Under § 1112(b)(1), cause exists where there is both "continuing loss to or diminution of the estate" and "absence of a reasonable likelihood of rehabilitation[.]" In re Citi-Toledo Partners, 170 B.R. 602, 606 (Bankr.N.D.Ohio 1994). Diminution of an estate exists where, for example, the debtor's business has ceased, Id. at 606, or the debtor's liabilities outstrip its assets. In re CCN Realty Corp., 23 B.R. 261, 262 (Bankr.S.D.N.Y.1982). A debtor lacks "a reasonable likelihood of rehabilitation" where, for example, it lacks income, Johnston, 149 B.R. at 162, lacks operating funds, In re Great American Pyramid Joint Venture, 144 B.R. 780, 791 (Bankr.W.D.Tenn.1992), or lacks employees, capital, or "continuing revenue-generating activity[,]" Citi-Toledo Partners, 170 B.R. at 606-07, 609. Where a court finds "no reasonable possibility of reorganization[,]" it need not delay conversion. Johnston, 149 B.R. at 162.
 
 
 11
 Under § 1112(b)(2), cause exists where "a debtor's failure to file an acceptable plan after reasonable time indicates its inability to do so[,]" regardless of the reasons for that failure. Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir.1989).
 
 
 12
 Here, the bankruptcy court converted Bay Area's case to Chapter 7 based on three facts: (1) the case had been in Chapter 11 for nearly two years without the filing of a viable reorganization plan, (2) no business was operating, and (3) conversion would not dissipate the estate's remaining assets. These facts constitute cause for conversion and are not clearly erroneous. Bay Area's undisputed lack of operations, income, inventory, and employees, and its liquidation of assets all indicated "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation" under § 1112(b)(1), and its failure to put forth a viable reorganization plan after nearly two years showed an "inability to effectuate a plan" under § 1112(b)(2).
 
 
 13
 Bay Area contends the bankruptcy court's findings are clearly erroneous. First, it disputes that it was in Chapter 11 for two years and ceased operation, attributing these facts to its lack of cash and alleged delay by the bankruptcy court. Bay Area's explanations do not, however, refute these facts. Moreover, courts need not consider why a debtor failed to file a viable plan. Hall, 887 F.2d at 1044. Second, Bay Area notes that it filed a reorganization plan but withdrew it. This argument ignores a key fact: its plan was not viable. See Hall, 887 F.2d at 1044.
 
 2. Admission of Bay Area's settlement offer
 
 14
 We review evidentiary rulings for abuse of discretion. Alexander Shokai, Inc. v. Commissioner of Internal Revenue, 34 F.3d 1480, 1488 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1690 (1995).
 
 
 15
 Yale joined the trustee's motion to convert, alleging a conflict between Bay Area's shareholders' interest in settling the state court litigation and its creditors' interest in pursuing it. Yale produced a letter from Bay Area's attorney that offered to dismiss state claims against Yale subsidiaries in exchange for Yale's dismissal of its cross-complaint against Bay Area's shareholders.
 
 
 16
 Bay Area contends the bankruptcy court should have excluded the letter because it was hearsay, a settlement offer, and irrelevant. These arguments fail under the Federal Rules of Evidence.
 
 
 17
 First, a statement is not hearsay where it is "offered against [the] party" and either made "by a person authorized by the party to make a statement concerning the subject[,]" Fed.R.Evid. 801(d)(2)(C), or made by an agent of a party and "concern[s] a matter within the scope of the agency ..." Fed.R.Evid. 801(d)(2)(D). Courts have interpreted both rules to include statements by attorneys. See United States v. Gregory, 871 F.2d 1239, 1242-43 (4th Cir.1989), cert. denied, 493 U.S. 1020 (1990) (Rule 801(d)(2)(C)); United States v. Martin, 773 F.2d 579, 583 (4th Cir.1985) (Rule 801(d)(2)(D)). The attorney's offer in this case was not hearsay because it was both an authorized statement by a representative and a vicarious admission by an agent. Moreover, Bay Area's contention that the letter was not an "admission" mischaracterizes the facts: The statement was clearly against Bay Area's interest because Yale offered it in support of the conversion.
 
 
 18
 Second, the settlement offer was not excludable under Fed.R.Evid. 408, which excludes settlement offers used "to prove liability for or invalidity of [a] claim or its amount[,]" but does not exclude such evidence where it is offered for "another purpose." Here, the letter was offered not to prove the validity or invalidity of the state claims, but as evidence of a potential conflict of interest between Bay Area shareholders and creditors. Finally, the settlement offer was relevant to the conflict of interest alleged, notwithstanding Bay Area's assertion that such a conflict was logically impossible.
 
 
 19
 3. Bay Area's due process challenge to the conversion
 
 
 20
 Bay Area argues the conversion violated due process by depriving it of control over its state court litigation. This contention is unfounded. Although a Chapter 7 trustee will oversee the litigation, it remains the property of the estate. Moreover, the bankruptcy court accorded Bay Area the procedural protections of notice and hearing in converting the case under 11 U.S.C. § 1112(b).
 
 4. Yale's standing
 
 21
 Because standing presents a question of law, we decide the issue de novo. Crow Tribe of Indians v. Campbell Farming Corp., 31 F.3d 768, 769 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1362 (1995).
 
 
 22
 A creditor may "raise[,] ... appear and be heard on any issue" in a case under Chapter 11. 11 U.S.C. § 1109(b). A "creditor" is an "entity that has a claim against the debtor[.]" 11 U.S.C. § 101(10)(A). Courts have held that a putative creditor may not be denied standing to seek conversion simply because its claim is disputed, Johnston, 149 B.R. at 160-61, and require only minimal proof of a claim. Id. Given Yale's substantial documentation of its claim, it may still be a creditor, and therefore has standing in this appeal.
 
 CONCLUSION
 
 23
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable William Fremming Nielsen, Chief United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3