111 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re BAY AREA MATERIAL HANDLING, INC., Debtor.
BAY AREA MATERIAL HANDLING, INC., fka Yale Material
Handling--Bay Area Inc.; Robert Murphy; Shirley
Murphy; Debtors--Appellants,
v.
William BROACH, Trustee--Appellee.
In re BAY AREA MATERIAL HANDLING, INC., f/k/a Yale Materials
Handling--Bay Area Inc., Debtor.
Robert H. MURPHY, Dr.; Shirley S. Murphy; Yale Material
Handling, Bay Area Inc., Employee Stock Ownership
Trust, Plaintiffs--Appellants,
v.
William BROACH; Jeffrey C. Wurms; Charles A. Hansen;
Wendel, Rosen, Black, Dean and Levitan; Robert J.
Yorio Law Offices of James J. Duryea
Jr., Defendants--Appellees.
 Nos. 95-17406, 95-17409.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided April 9, 1997.
 
 Before: REINHARDT, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bay Area Material Handling (Bay Area) is a debtor in the midst of Chapter 7 bankruptcy proceedings. During the course of those proceedings, the bankruptcy court made several rulings, two of which are being appealed here.
 
 
 3
 Underlying both appeals is a claim originally brought by Bay Area against Yale Material Handling Corp. (Yale). Yale was Bay Area's primary supplier and creditor. When Bay Area entered into bankruptcy, its claim against Yale automatically became property of the bankruptcy estate. The property of the estate has been administered by William H. Broach (the trustee), an independent trustee appointed by the bankruptcy court.
 
 
 4
 In the first appeal, the appellants challenge the bankruptcy court's approval of a settlement agreement between the trustee and Yale. The appellants argue that the bankruptcy court abused its discretion by not conducting a more thorough investigation prior to approving the compromise. The district court affirmed the bankruptcy court order, and this appeal followed.
 
 
 5
 The second appeal stems from a motion for sanctions brought by the trustee against Robert and Shirley Murphy (principals, shareholders, and creditors of Bay Area).[1] During the bankruptcy proceedings, and without the permission of the bankruptcy court, the Murphys filed a complaint against the trustee in state court. The trustee removed the action to the bankruptcy court and moved for sanctions against the Murphys. The bankruptcy court denied the motion for sanctions. The trustee then appealed to the district court, which reversed and remanded to the bankruptcy court for further factfinding. The Murphys now appeal the district court order.
 
 
 6
 * SETTLEMENT APPROVAL OF DISPUTED STATE CLAIM
 
 
 7
 (Appeal No. 95-17406)
 
 A. Sufficient Information
 
 8
 The appellants argue that the bankruptcy court should have conducted a more thorough hearing in order to form an independent evaluation of the compromise between Yale and the estate. We disagree.
 
 
 9
 The appellants failed to present to the bankruptcy court any admissible evidence as to why the settlement should not be approved or why additional investigation should be undertaken. The trustee, however, provided the declaration testimony of Messrs. Hansen and Wurms, counsel for the trustee. Mr. Hansen was also recognized by the bankruptcy court as an expert in lender liability law, the subject matter of the state complaint against Yale. Such testimony was properly considered by the court. See In re Blair, 538 F.2d 849, 851 (9th Cir.1976).
 
 
 10
 According to Mr. Hansen's expert opinion, there was little likelihood of success in litigating the claim against Yale because there were crucial elements lacking in the claim. Hansen also testified the settlement would provide substantial cash to the cash-poor estate. Mr. Hansen further predicted additional discovery would be costly yet would do little to change the likelihood of success at trial.
 
 
 11
 We believe the bankruptcy court had sufficient information to consider the four factors necessary to determine "the fairness, reasonableness and adequacy of a proposed settlement agreement." In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir.1986). Those factors are:
 
 
 12
 (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.
 
 
 13
 Id.
 
 
 14
 The bankruptcy court noted that if the estate were to reject the compromise and pursue litigation of the state claim, the estate would be faced with "substantial expense with an unknown outcome, lengthy trial proceedings, perhaps to be followed by further appeals." The bankruptcy court thus considered the substance of the first three factors, and weighed them in favor of approving the compromise. Additionally, because the bankruptcy court noted that the cash-poor estate would benefit substantially from the large settlement and that no creditors other than the Murphys had objected to the settlement, the fourth factor also weighed in favor of settlement. We conclude the bankruptcy court was within its discretion in approving the settlement.
 
 
 15
 The appellants fail to support their argument that further investigation was necessary before approval of the settlement agreement. First, the appellants' reliance on Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 434 (1968) ("TMT Trailer Ferry") is misplaced. Unlike the trustee in TMT Trailer-Ferry, who offered only "bald conclusions" in support of the compromise, the trustee in the present case presented sworn testimony detailing the weaknesses in the underlying claim and the value of the settlement to the estate. See id., at 433.
 
 
 16
 Nor is the appellants' position supported by Reiss v. Hagmann, 881 F.2d 890, 892 (10th Cir.1989). In contrast to that case, the bankruptcy court here was not compelled to conduct further investigation, because counsel for the trustee had performed substantial legal research and review of the case material and had determined there was little likelihood of success in litigation. Cf. id.
 
 
 17
 We conclude that the bankruptcy court did not abuse its discretion by approving the settlement.
 
 B. Due Process
 
 18
 The appellants next argue that the conversion of the bankruptcy estate from Chapter 11 to Chapter 7, in combination with the approval of the compromise, violated due process requirements. This argument is without merit. We previously upheld the conversion order and rejected the appellants' due process argument. We noted in our previous memorandum disposition:
 
 
 19
 Bay Area argues the conversion violated due process by depriving it of control over its state court litigation. This contention is unfounded. Although a Chapter 7 trustee will oversee litigation, it remains the property of the estate. Moreover, the bankruptcy court accorded Bay Area the procedural protections of notice and hearing in converting the case under 11 U.S.C. § 1112(b).
 
 
 20
 Bay Area Material Handling, Inc. v. U.S. Trustee (In re Bay Area Material Handling, Inc.), 76 F.3d 384, 1996 WL 29262 at * 3 (9th Cir. Jan. 25, 1996) (mem.).
 
 
 21
 For the reasons we have set forth in section A, we find neither a substantive nor a procedural due process violation with respect to the approval of the compromise.
 
 II
 SANCTIONS APPLICATION UNDER CALIFORNIA LAW
 
 22
 (Appeal No. 95-17409)
 
 
 23
 The Murphys contest the district court's order reversing and remanding the bankruptcy court's denial of a motion to award attorney fees as sanctions under section 128.5 of the California Code of Civil Procedure. As a predicate for awarding sanctions under section 128.5, a complaint must be "served" on the defendant. Cal.Civ.Proc.Code § 128.5(b)(1). The bankruptcy court ruled "service" means service of process sufficient to bring the defendant under the jurisdiction of the court.
 
 
 24
 The district court disagreed, holding that as used in section 128.5, service required only delivery of the complaint to the defendant. The district court also reversed the bankruptcy court's determination that the Murphys' actions had not proximately caused the Trustee to incur attorney fees for removing the case to bankruptcy court. The matter was remanded to the bankruptcy court for further factfinding to determine if the Murphys' actions warranted sanctions under the California statute.
 
 
 25
 The parties dispute whether this court has jurisdiction to hear this appeal. The Murphys contend this court has jurisdiction under 28 U.S.C. sections 158(d) and 1291. We disagree.
 
 
 26
 Both sections 158(d) and 1291 require final decisions in the court below for appellate court jurisdiction to exist. See 28 U.S.C. §§ 158(d), 1291. Because we conclude we lack jurisdiction under the possibly less stringent finality standards of section 158(d), jurisdiction under section 1291 need not be considered separately. See Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Village Resort, Ltd.), 81 F.3d 103, 105 (9th Cir.1996) ("Lakeshore ").
 
 
 27
 "[W]here the district court reverses a final order of the bankruptcy court and remands the case" we apply the Vylene factors to determine finality. Id. The factors to weigh are:
 
 
 28
 (1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm.
 
 
 29
 Id. at 106, (citing Vylene Enterprises v. Naugles, Inc. (In re Vylene Enterprises), 968 F.2d 887, 895-96 (9th Cir.1992) ("Vylene ").
 
 
 30
 In the present case, neither the bankruptcy court nor the district court has applied California Code of Civil Procedure 128.5 to the facts to determine if the Murphys' actions warrant sanctions. Thus the need to avoid piecemeal litigation favors dismissal. See id. at 107. Second, regardless of any consideration given to the companion appeal, if this appeal of the district court's reversal and remand order is dismissed now, the merits of the issues will only have to be reviewed once, thus preserving judicial resources. See id.
 
 
 31
 Third, the bankruptcy court in the present case has not engaged in a factfinding inquiry to determine if the Murphys' actions were of sufficient bad-faith to warrant sanctions under section 128.5. Therefore to preserve the bankruptcy court's role as factfinder, we should not assert jurisdiction. See id. ("Although the issue presented may be characterized as predominately 'legal,' the bankruptcy court clearly has not developed the record with respect to section 330(a) because it has not yet applied that statute."). Finally, in Lakeshore, neither party would have been harmed by delaying review. Id. Likewise, in the present case, neither the appellants nor the trustee suggest how they would be harmed by waiting until after the bankruptcy court conducts additional factfinding as ordered by the district court.
 
 
 32
 Because all four Vylene factors favor dismissal, we dismiss the appeal in Case No. 95-17409 for lack of a final appealable order.
 
 III
 CONCLUSION
 
 33
 The district court's order affirming the district court's approval of the settlement in Case No. 95-17406 is AFFIRMED. The appeal from the district court's reversal and remand order in Case No. 95-17409 is DISMISSED.
 
 
 34
 The appellees shall have and recover their costs of appeal in both appeals.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Yale Material Handling--Bay Area, Inc. Employee Stock Ownership Trust, another Bay Area shareholder, was also named in the sanctions motion