**In re KLEIN/RAY BROADCASTING, fka Inland Empire Broadcasters, Debtor.**

**Les A. RICHTER; Bart R. Singletary; Thomas Spiel, Appellants,**

**v.**

**KLEIN/RAY BROADCASTING, Appellee.**

**BAP No. CC 86–1959–MoVJ.**

**Bankruptcy No. SB 84–01763–JW.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument on June 16, 1987.

Decided Sept. 3, 1987.

Before MOOREMAN, VOLINN and JONES, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

This appeal arises from the trial court's denial of a motion to convert or in the alternative a motion to appoint a chapter 11 trustee.

## FACTS

The debtor herein, Klein/Ray, filed a Chapter 11 petition on May 4, 1984. The debtor has been acting as a debtor-in-possession through its officers Milt Klein and Shayle Ray ["Klein" and "Ray"]. The appellants were the former owners of the shares of the debtor-in-possession and have become creditors of the estate through payment of certain loan guarantees given in connection with the previous sale of the business to the debtor. There is pending litigation in state court between the principals of the debtor-in-possession (Klein and Ray) and the appellants, in which Klein and Ray are essentially seeking to rescind the prior sale of the radio broadcasting business. All of the debtor's operating assets have been sold and reduced to cash or notes receivable. The outcome of the state court litigation will affect ultimate shareholder status and related priority of claims.

On July 22, 1986, the appellants filed a motion to convert or appoint a Chapter 11 trustee. The motion was based on the fact that the case had essentially been a liquidation case and on allegations that certain "insider" claims should be investigated. Further, the appellants alleged that because Klein and Ray also had claims against the estate and because of the underlying state court action, an inherent conflict existed and, therefore, an impartial party should be appointed to review and process all claims. After an initial hearing on August 15, 1986, the trial court continued the matter to September 26, 1986, to allow a sale of the debtor's second and last radio station to close. At the September 26th hearing, the trial court determined that the appellants could object to any improper actions by Klein and Ray and that the appellants would do a better job at protecting their own interests than would a trustee. The court further determined that it could find no impairment of the appellants' claims by leaving the case in Chapter 11. Based on these findings Judge Wilson denied the motion without prejudice and specifically stated that he would "look with favor upon a motion for the appointment of a trustee" if he received "any indication" that the current management was not fullfilling its responsibilities. The appellants timely filed a notice of appeal.

## DISCUSSION

The appellants seek this Panel's review of the trial court's order pursuant to 28 U.S.C. Section 158(a)–158(b)(1), which allows for the review of interlocutory orders upon obtaining leave of the court. Although no formal motion for leave to appeal was filed, this Panel will consider the notice of appeal as a motion for leave to appeal pursuant to Bankruptcy Rule 8003(c). Further, this Panel has determined that the trial court's order is an

interlocutory decree, but will allow for a review of the appeal on the merits.

## I. Standard of Review

■ The standard of review applicable to Section 1104 (Appointment of a Trustee) and Section 1112 (Conversion) of the Bankruptcy Code should be distinguished. Under Section 1104 a trial court "shall" appoint a trustee for "cause" or "in the best interest of the creditors." This determination would require a factual finding and, therefore, cannot be set aside unless clearly erroneous. *E.g. Matter of Torrez,* 63 B.R. 751 (9th Cir. BAP 1986). Under Section 1112(b), the trial court is given discretion to convert a case to Chapter 7 "for cause." The standard of review for such discretionary determinations is "abuse of discretion." *See e.g. In re A & C Properties,* 784 F.2d 1377, 1380 (9th Cir.1986).

## II. Appointment of Trustee

■ The record of the proceedings below reflects that two separate hearings on the appellants' motions took place. The only evidence submitted before the trial court was a declaration from David G. Moore, attorney for the appellants, which the appellee argues is inadmissible hearsay evidence. In any event, the declaration contains no evidence of any conduct on the part of the appellees sufficient to constitute "cause," or sufficient to establish that it would be in the best interests of the creditor's to appoint a trustee under Section 1104. If anything, the declaration and argument at the hearings on the motion merely raise a question as to a possible conflict of interest. If the management of the debtor-in-possession had acted with any impropriety, the appellants failed to introduce any such evidence.

As the record reflects, the trial court recognized that the appellants were making "predictions" as to possible causes for appointing a trustee. Further, Judge Wilson correctly determined that if such predictions did hold true, the appellants could still protect themselves. Given the evidence before the trial court, the appellants have failed to show that the order denying the appointment of a trustee can be considered as having established a "definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

## III. Conversion

■ The appellant cites Section 1112(b)(1)–(3) as grounds for conversion. Under Section 1112(b), a court may convert a case to Chapter 7 "for cause, including— (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; (2) inability to effectuate a plan; (3) unreasonable delay by the debtor that is prejudicial to the creditors; ...."

Although the management will likely continue to receive compensation for their services, the appellants presented no evidence that the amount of $2500 per month was excessive considering the duties performed. Also, there was no evidence that the debtor-in-possession could not effectuate a plan or that there was unreasonable delay which was prejudicial to the creditors. The appellants, however, strongly contend that a conversion should be ordered or a trustee appointed because this case is essentially one of liquidation and that a trustee is in a better position to review claims against the estate under such circumstances.

Although the appellant is correct that this is essentially a liquidation case, the Bankruptcy Code contemplates that a debtor corporation may be liquidated in a Chapter 11. 11 U.S.C. Section 1123(b)(4) (a reorganization plan may "provide for the sale of all or substantially all of the estate, and the distribution of the proceeds of such sale among holders of claims or interests."); *see also In re Coastal Equities, Inc.,* 33 B.R. 898, 904 (Bankr.S.D.Cal.1983). There has been no plan filed in this case, but as previously set forth, there was no evidence that the debtor-in-possession could not effectuate a plan. The debtor-in-possession had never been ordered to file a plan and apparently the delay was based on negotiations concerning the sale of the debtor's radio stations. In any event the

trial court denied the motion to convert "without prejudice" and invited a motion for a trustee if there was any evidence of mismanagement.

Based on the lack of evidence supporting the appellants' motion, the trial court's order denying appointment of a trustee and motion to convert is AFFIRMED.