5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Elmer H. THOMASSEN; Joan Thomassen, Debtors.
Elmer H. THOMASSEN; Joan Thomassen, Appellants,
v.
Marcy J.K. TIFFANY, U.S. Trustee, Appellee.
 No. 92-55603.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elmer and Joan Thomassen appeal pro se the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's order converting their Chapter 11 case to one under Chapter 7 pursuant to 11 U.S.C. Sec. 1112(b). The Thomassens also appeal the BAP's order removing the Thomassens' appeal from the oral argument calendar. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 * Background
 
 
 4
 On March 5, 1990, the Thomassens filed a voluntary petition in Chapter 11 Bankruptcy. On August 28, 1990, the bankruptcy court ordered the Thomassens to file a disclosure statement and a reorganization plan by December 28, 1990 and to have the plan confirmed by February 28, 1991. The Thomassens filed a disclosure statement and plan on December 28, 1990, but failed to have the plan confirmed by February 28, 1991. On January 2, 1991, the Thomassens filed a first amended plan and disclosure statement. On March 19, 1991, they filed a second amended plan and disclosure statement. On April 2, 1991, the bankruptcy court held a hearing on the United States Trustee's application to convert the Thomassens' case from Chapter 11 to one under Chapter 7. The bankruptcy court found the Thomassens' disclosure statement inadequate and converted their case on April 11, 1991.
 
 
 5
 On April 22, 1991, the Thomassens moved for reconsideration and attempted to file a third amended plan and disclosure statement. On June 12, 1991, the bankruptcy court denied the motion. On March 3, 1992, the BAP affirmed the bankruptcy court's order. The Thomassens timely appeal.
 
 II
 Analysis
 A. Bankruptcy Court's Conversion
 
 6
 The Thomassens contend the bankruptcy court abused its discretion by converting their Chapter 11 case to one under Chapter 7. They argue that the order requiring them to have their plan confirmed was unconstitutionally vague. Their contention lacks merit.
 
 
 7
 We review for abuse of discretion the bankruptcy court's decision to convert a case from Chapter 11 to one under Chapter 7. See Richter v. Klein/Ray Broadcasting (In re Klein), 100 B.R. 509, 511 (Bankr. 9th Cir.1987). We, like the BAP, review the bankruptcy court's findings of fact under the clearly erroneous standard, and its conclusions of law de novo. Rubin v. West (In re Rubin ), 875 F.2d 755, 758 (9th Cir.1989). The bankruptcy court may convert a Chapter 11 case to one under Chapter 7 for cause, including "(2) inability to effectuate a [reorganization] plan; (3) unreasonable delay by the debtor that is prejudicial to the creditors; and, (4) [the debtor's] failure to propose a reorganization plan within any time fixed by the court." 11 U.S.C. Sec. 1112(b).
 
 
 8
 Here, the bankruptcy court found that, under section 1112(b), there was cause to convert the Thomassens' case because the Thomassens' disclosure statement was inadequate in that it failed to list assets and excluded any provisions of a plan. The court also found that the Thomassens were "totally ineffectual" at proposing a disclosure statement or plan.
 
 
 9
 On the record before us, we cannot say that these findings were clearly erroneous. Accordingly, the bankruptcy court did not err by converting the Thomassens' case under section 1112(b), and the BAP did not err by affirming the bankruptcy court's order.[1] See In re Rubin, 875 F.2d at 758.
 
 
 10
 Moreover, to the extent the Thomassens argue that the bankruptcy court abused its discretion by converting their case because the order requiring their plan to be confirmed was unconstitutionally vague, such argument is irrelevant. As discussed above, the bankruptcy court found the Thomassens ineffectual at proposing a plan. Thus, regardless of whether the order adequately specified the procedure for having a plan confirmed, the bankruptcy court had cause to convert the proceedings. See 11 U.S.C. Sec. 1112(b).[2]
 
 B. The BAP's Denial of Oral Argument
 
 11
 The Thomassens contend the BAP violated their due process rights by denying them oral argument seven days before their scheduled hearing. The Thomassens argue that this situation could have been corrected had the BAP granted their motion for reconsideration. This contention lacks merit.
 
 
 12
 "[I]t is well settled that oral argument is not necessary to satisfy due process." Toquero v. INS, 956 F.2d 193, 196 n. 4 (9th Cir.1992). Pursuant to the bankruptcy court rules, the BAP may determine, upon examination of the briefs and records, that oral argument is unnecessary. See Bankr.App. II, R. 3(a); Bankr.R. 8012.
 
 
 13
 On January 15, 1992, the BAP notified the Thomassens that their appeal, originally scheduled for hearing on January 22, 1992, was classified by the BAP for submission without oral argument. Although the Thomassens were informed that they had ten days in which to file a statement as to why oral argument was necessary, they failed to do so. On March 3, 1992, the BAP affirmed the bankruptcy court's order based on the parties' written briefs. Thus, the Thomassens were not deprived of due process. See Bankr.App. II, R. 3(a); Bankr.R. 8012. see also Toquero, 956 F.2d at 196 n. 4.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Thomassens' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Thomassens also contend that they had insufficient time to have their reorganization plan confirmed. They note that the court converted their case to one under Chapter 7 only 13 months after they filed their Chapter 11 petition. The Thomassens argue they should have been allowed more time to have their plan confirmed because the BAP, in affirming the bankruptcy court's order, relied on In re Klein, 100 B.R. 509, a case in which the proceedings were not converted until 42 months after the Chapter 11 petition had been filed. Their argument is meritless. Section 1112(b) requires only that cause exist for conversion, not that conversion be delayed for any period of time. See 11 U.S.C. Sec. 1112(b)
 
 
 [2]
 The Thomassens also contend the bankruptcy court violated their due process rights by denying their motion for reconsideration. Because the Thomassens failed to demonstrate mistake, surprise, excusable neglect, newly discovered evidence, or any other reason justifying relief from judgment, however, see Fed.R.Civ.P. 60(b)(1-2), (6), the bankruptcy court did not abuse its discretion by denying their motion. See id.; Fiester v. Turner, 783 F.2d 1474, 1475-76 (9th Cir.1986)
 
 
 [3]
 This holding renders moot the Thomassens' appeal of the BAP's order denying their request for a stay of bankruptcy proceedings pending this appeal