78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re E.C. GARCIA AND COMPANY, INC., Debtor.
CITIBANK (ARIZONA), Appellant,
v.
E.C. GARCIA AND COMPANY, INC., Appellees.
 No. 94-16818.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1996.
Decided March 5, 1996.
 
 Before: ALARCON, LEAVY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Citibank moved for an order dismissing the Garcia chapter 11 bankruptcy, or converting it to chapter 7. Citibank urged that the debtor had materially defaulted with respect to the confirmed plan, by failing to pay property taxes. The reorganization plan had been confirmed in November of 1990. The motion to dismiss or convert was filed in January of 1994. The bankruptcy court denied the motion. The court took judicial notice that "the Debtor has substantially complied with the terms of its confirmed plan," and also "that the Debtor has defaulted with respect to only one class of creditors pursuant to a plan of reorganization containing twenty-four (24) creditor classes." Based on those two facts, the bankruptcy court concluded that "the Debtor has substantially consummated its plan, and that no material default has occurred which would warrant the conversion or dismissal of this case."
 
 
 3
 The district court affirmed, based on its determination that there was no material default. It held that Citibank, by exercising its right to elect under 11 U.S.C. § 1111(b)(2), caused its claims to be nonrecourse. Citibank appeals the district court decision, which we review de novo. In re Weisman, 5 F.3d 417, 419 (9th Cir.1993).
 
 
 4
 We do not reach the question of whether Citibank did or did not give up its claim against the debtor by making an election, and we do not reach the question of whether there was a material default by the debtor. The statute confers discretion on the bankruptcy court to dismiss a case or convert it for cause, as the court determines to be in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b). We review this exercise of discretion for abuse of discretion. In re A & C Properties, 784 F.2d 1377, 1380 (9th Cir.1986); In re Klein/Ray Broadcasting, 100 B.R. 509, 511 (Bankr.9th Cir.1987). In making the determination of the best interests of the creditors and estate, the court "must consider the interests of all of the creditors." In re Superior Siding and Window, Inc., 14 F.3d 240, 243 (4th Cir.1994).
 
 
 5
 Assuming for purposes of discussion, without deciding, that the debtor did materially default, the bankruptcy court did not abuse its discretion by denying the motion to convert or dismiss. Reorganization had been completed, and the final report had been filed about six months prior to the motion. Garcia had defaulted with respect to only one of twenty-four creditor classes. Its reorganization plan was funded with $2 million dollars, and $881,274 had been distributed to the unsecured creditor class. Other classes had agreements with Garcia for new mortgages. Dismissal or conversion might harm other creditor classes which had relied on the reorganization plan. In the circumstances, it was not an abuse of discretion for the bankruptcy court to deny the motion to convert or dismiss. Our decision does not intimate any determination regarding other remedies which the bankruptcy court may determine to be appropriate for the debtor's breach, if there was one, of its obligation to Citibank.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3