**In re Seok K. KANG, Yeun Ja Kang, Debtors.**

**Bankruptcy No. 81 B 8943.**

United States Bankruptcy Court, N. D. Illinois, E. D.

March 31, 1982.

William L. Needler, Chicago, Ill., for debtor.

Liebling & Hauselman, Zaidenberg, Hoffman & Schoenfeld, Chicago, Ill., for plaintiff.

## ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on First Federal Savings and Loan Association of Chicago's (First Federal's) motion to dismiss the bankruptcy proceeding filed by Seok and Yeun Kang. The Kangs filed a petition for relief under Chapter 11 of the Bankruptcy Reform Act of 1978 (The Code) in July, 1981. After carefully considering the motion to dismiss and the Kang's response thereto, and being fully advised in the premises, this court does hereby grant the motion to dismiss, and does hereby dismiss the bankruptcy proceeding filed by the Kangs, 81 B 8943, for the following reasons.

Chapter 11 of the Code provides a vehicle whereby an honest debtor may attempt to rehabilitate himself and his business under the protection and guidance of the bankruptcy court. Filing a Chapter 11 petition automatically stays the commencement and continuation of almost all civil actions which seek enforcement of judgments or lien rights. Basically, all creditor action seeking to collect a debt or harass the debtor are stayed. 11 U.S.C. § 362. The automatic stay, and the broad jurisdiction of the bankruptcy court, protect the debtor during the period in which a plan of reorganization is being formulated. The provisions of a plan confirmed by the court are binding on all the creditors. 11 U.S.C. § 1141(a).

However, a debtor seeking relief in a bankruptcy court must travel a two-way street. The Code, the Bankruptcy Rules of Procedure and orders of this court impose many general and specific duties upon the debtor. *See* 11 U.S.C. §§ 521, 1106, 1107; *See* also, *Rules of Bankruptcy Procedure*, R. 402, R. 11–11, R. 11–30, R. 11–45. Rule 402 provides that the debtor *shall* "comply with all orders of the court." Rule 11–30 pro-

vides that the debtor *shall* file monthly reports and Local Rule 11–3.03 provides that the debtor *shall* file semi-monthly reports of cash receipts and disbursements, monthly reports of operations and monthly statements of Profit and Loss. When a debtor fails to obey court orders or discharge the duties imposed upon him by the Code or Rules, dismissal of the proceeding is proper.

On February 12, 1982 this court held a pre-trial conference on First Federal's complaint seeking relief from the automatic stay. First Federal holds a first mortgage on a 9 unit apartment building owned by the Kangs. Evidently the Kangs occupy two units of that building, or their relatives do, and no rent is being paid. Moreover, the Kangs have not made any payments to First Federal since January 1981. Meanwhile, First Federal has protected its and the Kangs' interest by keeping the tax and insurance payments current. Therefore, the Kangs have been living rent-free at First Federal's expense since filing their Chapter 11 petition.

At the hearing on February 12, 1982 the Kangs requested 10 days in which to file a disclosure statement and plan of reorganization. The court ordered the Kangs to file all reports, monthly and semi-monthly, required by the Rules. Finally, the court ordered the Kangs to make a detailed accounting of all income and expenses attributable to the apartment building, and to establish a separate bank account into which they were to deposit all rents collected from the building. The court repeatedly indicated that continued defaults could not be tolerated and that current mortgage payments should be resumed. At the conclusion of the February 12, 1982 hearing the court ordered the Kangs to file a disclosure statement and a plan of reorganization by February 22, 1982. The court also told the Kangs to embody the court's bench rulings into a draft order by February 22, 1982.

February 22, 1982 came and went and the Kangs still had not filed a disclosure state-

ment or plan, nor had they moved in this court for an extension of time within which to file the statement and plan. The Kangs also failed to embody this court's earlier rulings into a draft order. Therefore, on March 17, 1982 First Federal filed with this court a motion to dismiss the pending Chapter 11 case.

As of today, March 24, 1982, the Kangs still have not filed a disclosure statement or a plan or reorganization, which in and of itself constitutes cause for dismissal of this case. 11 U.S.C. § 1112(b)(4). Nor have they as yet set up a separate account for the rents collected, nor have they filed any reports since the semi-monthly report dated February 1 through February 15, 1982. Moreover, the Kangs have not made any payments to First Federal since the February hearing. A perusal of the reports on file indicates that the Kangs have received about $16,000 in income since the filing of their petition. They have paid themselves some $6,700 as and for "personal expenses" and they have deposited $3,500 into a liquor business in which they own 100% of the stock.

For all the above reasons, the court finds that cause has been shown warranting dismissal of this case and that dismissal would be in the best interests of all creditors. 11 U.S.C. § 1112(b)(1), (3) and (4).* However, because the court finds a procedural infirmity in the motion to dismiss, the order of dismissal shall become effective on April 28, 1982.

Interim Bankruptcy Rule 2002 provides that all creditors shall receive at least 20 days notice of a hearing on dismissal of a pending case. Rule 2002 is intended to benefit creditors by giving them an opportunity to object to dismissal of the case. In the instant case on March 17, 1982, First Federal appeared on its motion to dismiss, the Kangs appeared, filed a written response and filed an application to borrow funds pursuant to 11 U.S.C. § 364(c). The Kangs' counsel represented that he wanted to shorten the notice required for his appli-

---

* *See* Judge Krechevsky's discussion of a debtor's fiduciary responsibilities in *Matter of E. Paul* *Kovacs and Co., Inc.,* 16 B.R. 203, 205 (Bkrtcy. D.Conn.1981).

cation to borrow funds so he could expedite the matter. First Federal also wished to expedite the hearing on its motion to dismiss. The court feels the spirit and the letter of Interim Rule 2002 will be fulfilled through the following procedure: the clerk of the court will transmit a copy of this order and a notice to all creditors stating that the Kangs' Chapter 11 proceeding, 81 B 8943, will be dismissed effective April 28, 1982 and that any creditors wishing to object to said dismissal should appear in this court on a motion objecting to said dismissal on or before April 28, 1982.

WHEREFORE, IT IS HEREBY ORDERED that the Chapter 11 bankruptcy case entitled Seok K. Kang and Yeun Ja Kang, 81 B 8943, be and hereby is dismissed effective April 28, 1982.

IT IS FURTHER ORDERED that the Clerk of the Court shall forthwith transmit to all creditors a copy of this order and the attached notice.