In re Linda A. PALMER a/k/a Linda Knopick d/b/a Palmer Associates, Debtor.

STATE STREET MORTGAGE COMPANY, Movant,

v.

Linda A. PALMER a/k/a Linda Knopick d/b/a Palmer Associates, Respondent.

Bankruptcy No. 90–00913.

United States Bankruptcy Court, D. Connecticut.

Dec. 23, 1991.

Irve J. Goldman, Kleban & Samor, P.C., Southport, Conn., for movant.

Linda Palmer, pro se.

Eric J. Small, Asst. U.S. Trustee, New Haven, Conn.

## MEMORANDUM AND ORDER ON MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

ALAN H.W. SHIFF, Bankruptcy Judge.

State Street Mortgage Company moves for the dismissal or conversion of this chapter 11 case for the reason that the debtor in possession, Linda Palmer, is barred by an April 18, 1991 order of this court from

filing a plan. Palmer objects, claiming that State Street lacks standing, or in the alternative, that the April 18th Order was based upon an unauthorized concession by her attorney, and consequently, she should be relieved from that order and permitted to file a plan.

## BACKGROUND

Palmer is in the business of owning and leasing real property. On June 7, 1988, State Street loaned Palmer $104,000.00 pursuant to a promissory note ("Note"), *see State Street Exhibit 5*, which was secured by a mortgage deed ("Mortgage"), *see Palmer Exhibit A*, which encumbered Palmer's property located at 751–753 Old Stratfield Road, Fairfield, Connecticut. On the same date, State Street assigned the Mortgage to Citytrust as collateral pursuant to an earlier loan agreement with Citytrust.[1] *See Palmer Exhibit B.* The loan agreement provided that the assignment of the Mortgage was only for the purpose of securing State Street's obligations. *See State Street Exhibit 6.*

On May 17, 1990, Palmer filed a chapter 11 petition. On June 12, 1990, State Street filed a proof of claim, asserting a secured claim based on the Note and Mortgage. The proof of claim was not "supported by a statement setting forth the terms of the [assignment of the Mortgage]". *See* Bankruptcy Rule 3001(e)(3). On January 3, 1991, State Street filed a motion for relief from stay pursuant to § 362(d), so that it could foreclose its interest in Palmer's property. On January 25, Citytrust assigned the Mortgage back to State Street. *See State Street Exhibit 7.* On January 29, State Street amended its motion for relief from stay, and on March 1, while that motion was pending, State Street filed the instant motion to dismiss or convert ("Motion to Convert").

On March 14, Palmer sought under § 327(a) and was granted court approval to retain Jeffrey Tinley ("Tinley") to represent her.[2] Neither Palmer nor Tinley indicated in the application that Tinley was being retained as special counsel or that his employment was to be restricted or limited in any way. *See, e.g.*, § 327(e).

On March 26, 1991, Tinley filed an objection to the Motion to Convert, asserting that there was no cause for dismissal or conversion because there was no loss or diminution of the estate and that Palmer was prepared to file a plan. During an April 2 chambers' conference convened to explore the possibility of resolving State Street's motions and Palmers objections, an agreement was reached which formed the basis for the April 18th Order which provided in relevant part that

... IT BEING REPRESENTED that the debtor and State Street, by their respective attorneys, have agreed to a resolution of the [State Street's] motion to dismiss or convert, the Stay Motion and the Debtor's Objections thereto, the terms of which have been reduced to and are embodied in this Order ... it is ORDERED, that the Debtor shall file a plan of reorganization and a disclosure statement not later than June 3, 1991; ... and it is further—ORDERED, that if an order confirming the Debtor's plan of reorganization is not entered at the hearing on the confirmation thereof on July 30, 1991, this case shall be dismissed or converted, whichever is in the best interest of creditors and the estate, upon State Street's Motion to Dismiss or Convert, the hearing on which is to be continued to the same date and time as the hearing on confirmation of the Debtor's plan of reorganization; and it is further ORDERED, that State Street's Motion [for relief from the automatic stay] shall be and it hereby is denied, provided, however, that the Debtor shall make payments to State Street, beginning on May 1, 1991 and continuing on the first day of

---

**1.** The Note was endorsed to Citytrust as additional security but was never delivered to Citytrust.

**2.** Initially, Palmer was represented by attorney Mark Oppenheimer, but she terminated the relationship on or about October 19, 1990, only two months after he had been approved by the court. She also was represented by special counsel, but only with respect to certain adversary proceedings.

each month thereafter until confirmation of the Debtor's plan of reorganization. . . .

On June 4, 1991, Palmer filed a pro se motion to extend the time to file the plan, claiming that she needed more time because Tinley was allegedly unable to draft a plan acceptable to her. Palmer's motion was denied with prejudice on June 28,[3] and she appealed. On August 29, the District Court ruled that the June 28 order was interlocutory and dismissed the appeal.

As a result of Palmer's failure to file a plan within the bar date set by the April 18th Order, a hearing on the Motion to Convert was scheduled for September 10. On that date, a chambers conference was conducted which resulted in a scheduling order setting the hearing for November 20.[4] On September 19, State Street filed a motion to reconsider the scheduling order, contending that a hearing was unnecessary because Palmer was precluded by the April 18th Order from filing a plan, so that State Street's Motion to Convert had to be granted under § 1112(b)(4). On September 30, Palmer filed a pro se objection,[5] claiming, for the first time, that State Street did not have standing to file or prosecute the Motion to Convert. On October 21, Palmer filed an objection to State Street's motion to reconsider, claiming that Tinley did not have the requisite authority to enter into the stipulation, so therefore, she should not

be bound by the April 18th Order on which it was predicated.

## DISCUSSION

### A.

### STANDING

■ Palmer argues that State Street had no standing when it filed its Motion to Convert because it assigned the Mortgage to Citytrust and endorsed the Note payable to the order of Citytrust prior to the commencement of this case. Although Palmer delayed until September 30, 1991 to challenge State Street's standing, subject matter jurisdiction cannot be waived. *Boeing Co. v. Com'r of Patents and Trademarks*, 853 F.2d 878, 881 (Fed.Cir.1988); *Matter of Martin*, 64 B.R. 638, 639 (Bkrtcy.D.Del. 1986).

Code § 1112(b) provides that

... on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interests of the estate. . . .

■ The plain language of § 1112(b) defines who has standing to move for the dismissal or conversion of a chapter 11 case. Thus, the threshold issue of whether State Street has standing turns on whether it is a party in interest.

Palmer never claimed that she was unaware of the April 18th Order which, inter alia, required her to file a disclosure statement and plan by June 3rd. Indeed, she conceded in her pro se motion for an extension of time that she had been making payments to State Street in compliance with that order. *See Palmer Exhibit C.* Her motion only asserted her opinion that her counsel was not up to task and that the plan he was formulating was inappropriate.

---

**3.** Bankruptcy Rule 9006(b) provides that "the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done when the failure to act was the result of excusable neglect."

The excusable neglect standard "is intended to be a 'strict one', that the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable, and finally, that 'courts should sanction deviations from the letter of the rules only on the most compelling showing that [the purposes of the Rules] are served'." *In re Martin–Trigona*, 11 B.R. 414, 416 (Bkrtcy.D.Conn.1981) quoting, *Fase v. Seafarers Welfare and Pension Plan*, 574 F.2d 72, 76 (2d Cir.1978); *see also In re Manning*, 4 B.C.D. 304, 305 (Bkrtcy.D.Conn.1979) (Excusable neglect is "the failure to timely perform a duty due to circumstances beyond the reasonable control of the person whose duty it was to perform.")

**4.** On June 28, 1991, the Resolution Trust Corp., as conservator for Comfed Savings Bank, moved to dismiss or convert. That matter was consolidated for trial with State Street's Motion to Convert and was included in the September 10 scheduling order.

**5.** On July 8, Tinley was granted permission to withdraw as counsel for Palmer.

While the term party in interest is not defined in the Code, it is beyond peradventure that a creditor qualifies. *See* § 1109(b) ("[a] party in interest, including ... a creditor ..."). A creditor is defined to include an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor". 11 U.S.C. § 101(10)(A). Section 501(a), states that "[a] creditor ... may file a proof of claim ...". It is uncontroverted that State Street filed a proof of claim on June 12, 1990, that is, prior to the filing of its Motion to Convert. Section 502(a), states that "[a] claim ... proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." Bankruptcy Rule 3007 states that "[a]n objection to the allowance of a claim shall be in writing and filed with the court". It is undisputed that Palmer has not filed an objection to State Street's claim.[6] Palmer's objection to State Street's standing is not the equivalent of an objection to its proof of claim. I therefore conclude that State Street's claim is deemed allowed, it was a party in interest when it filed the Motion to Convert, and it has standing to prosecute that motion.

Apart from that analysis, which is dispositive of the standing issue, I conclude that there is no merit to the premise asserted by Palmer's objection. Palmer appears to argue that State Street lacked standing because it unconditionally assigned the Mortgage to Citytrust, it failed to state the assignment on its proof of claim, and it endorsed the Note payable to the order of Citytrust before the Motion to Convert was filed.

The evidence adduced at the hearing on the Motion to Convert demonstrated that the Mortgage and Note were part of the same loan transaction and were intended only as security transfers to secure State Street's obligations under a prior loan transaction with Citytrust. State Street retained all ownership rights with respect to the Mortgage and Note, it did not deliver the endorsed Note, and Citytrust reassigned the Mortgage to State Street prior to the filing of the Motion to Convert.

Even if State Street's proof of claim was arguably defective because it was not supported by a statement setting forth the terms of the assignment of the Mortgage, State Street is the holder of the Mortgage and Note and has filed a timely proof of claim, and those facts are sufficient to give State Street the status of a creditor and a party in interest. *Matter of Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 727 (5th Cir.1991) (Party who has proof of claim on file and was legal holder of a note when it made a motion to convert has standing to prosecute its motion, notwithstanding fact that proof of claim did not note prior assignment).

### B.

### THE APRIL 18TH ORDER

Palmer contends that Tinley had been retained in a limited capacity, that she never gave him the authority to enter into and did not consent to the April 18th Order, and that she should not be bound by that stipulated order.

Having had an opportunity to observe Palmer's testimony and the papers filed by her and on her behalf, it is apparent that her claim that Tinley lacked authority is an afterthought. When Palmer moved on June 4th for an extension of time to file a plan, no attempt was made to vacate the April 18th Order or to question Tinley's authority. The thrust of her motion at that time was that Tinley did not properly represent her. As noted, Palmer's motion was denied with prejudice. Her current attempt to avoid the consequences of the April 18th Order is similarly unpersuasive and lacks candor.

It is well settled that the acts of freely selected counsel may bind the client when performed pursuant to his or her authority. *Prate v. Freeman*, 583 F.2d 42, 48 (2nd Cir.1978). Although Palmer strenuously argued at the instant hearing on November 20 that she only vested Tinley

---

**6.** Bankruptcy Rule 3007 requires that "[a]n objection to the allowance of a claim shall be in writing and filed with the court." Bankruptcy Rule 3007.

with limited authority, the record prior to the hearing is void of any such limitation. In fact, the evidence is to the contrary. Palmer chose Tinley to replace another attorney who prepared and filed her petition. Neither Palmer's application under § 327(a) nor the order approving Tinley indicated any restriction on the scope of his employment. Further, Palmer did not call Tinley as a witness to testify upon any limitation of his authority. Palmer does not claim that State Street either did not act in good faith or that it was unreasonable in its reliance on Tinley's representations. Indeed, it is clear that State Street and this court believed that Tinley had the requisite authority to enter into the stipulation. Under the stipulation, State Street agreed to defer the prosecution of the Motion to Convert in exchange for Palmer's agreement, *inter alia*, to file a plan by June 3. If State Street did not believe that Palmer authorized that bar date, what was the consideration for its forbearance?

Palmer testified that she had been paying the monthly installments in compliance with the April 18th Order. She also said that she knew that she had a limited amount of time to file a plan. She therefore knew the terms of the order. If Tinley did not have authority to bind Palmer to her end of the bargain, as she now claims, it was incumbent upon her to advise State Street and the court in a timely manner. Palmer had the advantage of that forbearance. At the very least, she ratified the stipulation. I accordingly conclude that Palmer is bound by the April 18th Order.

## C.

### DISMISSAL OR CONVERSION

■ Section 1112(b)(2) and (4) provide: ... on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including— ...

(2) inability to effectuate a plan; ...

(4) failure to propose a plan under section 1121 of this title within any time fixed by this court.

Since Palmer is bound by the April 18th Order, she is barred from filing a plan, and this case must be dismissed or converted, whichever is in the best interest of creditors and the estate.

Palmer, her husband, and an attorney who represents her in other matters and whose law firm claims to be a creditor, have stated their preference for dismissal. They argue that dismissal of the bankruptcy case would be in the best interest of creditors because Palmer is in the best position to pursue various claims that would inure to their benefit. Eric Small, Assistant U.S. Trustee in this district, the attorney for the Resolution Trust Corp., and State Street have expressed their preference for conversion. For the reasons that follow, I am persuaded that this case should be converted to a case under chapter 7.

Palmer's claim that she can best prosecute claims for the benefit of the estate overlooks the possibility that one of the estate's claims might be against her. Palmer has been operating the business of the estate as the debtor in possession since the commencement of this case. She has failed to file any operating reports with the United States trustee since August 1990, although she was clearly obligated to do so. *See, e.g.,* 11 U.S.C. §§ 1106(a), 704(2) and (8). She has not offered any evidence regarding her business operations, income, or disbursements. In short, she has kept the administration of this case hidden and now wants to be free of her duties under the bankruptcy code and rules.

In view of her conduct during the administration of this case, I am concerned that Palmer may have mismanaged the business and failed in her fiduciary responsibility to this estate. *See In re Schipper*, 933 F.2d 513, 515 (7th Cir.1991) (debtor has fiduciary obligation to unsecured creditors); *Natco Industries, Inc. v. Federal Insurance Co.*, 69 B.R. 418, 419 (Bkrtcy.S.D.N.Y.1987) (like the trustee, the debtor in possession has a fiduciary obligation to all the debtor's cred-

itors). The conversion of this case will ensure that any income from the operation of the real estate business is accounted for and any improper disbursements are disclosed. Accordingly, I conclude that it is in the best interests of the creditors and the estate to convert this case to one under chapter 7 of this title.

### CONCLUSION

For the foregoing reasons, State Street's motion is granted, this case is converted to a case under chapter 7, and IT IS SO ORDERED.