In re TAX SHOP, INC., Debtor.

Bankruptcy No. 94–43245–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Oct. 4, 1994.

Robert Reed, Detroit, MI, for debtor.

*AMENDED MEMORANDUM OPINION
AND ORDER DENYING DEBTOR'S
MOTION TO REINSTATE*

STEVEN W. RHODES, Bankruptcy Judge.

### I.

The debtor has filed a Motion to Set Aside Dismissal, Reinstate Bankruptcy Petition, Extend Time to File Chapter 11 Documents and Waive Reinstatement Fee. The procedural history of this case leading up to this motion is as follows:

On March 28, 1994, the debtor filed this Chapter 11 bankruptcy case.

On April 8, 1994, the Court conducted an initial status conference with the debtor and the debtor's attorney. By written notice, the creditors had been invited to attend, but none attended. At the conference, the Court concluded that the case is a small Chapter 11 case,[1] and accordingly that certain expedited procedures should be utilized to secure the "just, speedy and inexpensive determination" of the case. Fed.R.Bankr.P. 1001. An "Order Establishing Deadlines and Procedures" was immediately entered and served on all

---

1. Exhibit A attached to the petition discloses assets of $84,941 and liabilities of $61,579, and that the debtor provides "Tax return preparation and accounting services."

parties in interest.[2] That order is attached as Appendix A.

The order set April 29, 1994, as the deadline for objections to the order, but neither the debtor nor any other parties filed any objections.

The order also set a deadline for the debtor to file a plan and disclosure statement for July 26, 1994, which was 120 days after the petition was filed.

The debtor did not file a plan by the deadline. Instead, on the deadline day, the debtor filed a motion to extend the time to file the plan. The motion requested a 60 day extension, based on the following allegations:

> 4. That at said hearing, counsel for debtor indicated to the Court that he may have difficulty meeting such deadline due to a trial which was scheduled on July 22, 1994, and other matters due at that time, which included an appeal brief.

> 5. That due to the above matters and his heavy workload, debtor's attorney has been unable to complete the combined Chapter 11 plan and disclosure statement.

■ The Court concluded that counsel's heavy workload was not a substantial cause for the relief sought, given the time allowed by the Court and the interests of the other parties in a prompt determination of the case. Accordingly, in an order dated August 2, 1994, the motion was denied.

On the same date, the Court entered an order to show cause why the case should not be dismissed or converted, because the debtor had not filed a plan by the deadline set by the Court.[3] *See* 11 U.S.C. § 1112(b)(4). A hearing was set for August 15, 1994 at 10:00 a.m. Notice was sent to the debtor's attorney and the U.S. Trustee.[4]

No one appeared at the hearing. The Court ordered dismissal of the case because the debtor did not file a plan by the deadline,[5] and because the debtor did not object to dismissal. A dismissal order was entered on August 15, 1994.

## II.

The debtor filed its motion to reinstate on August 19, 1994. In the motion, the debtor's attorney stated that he was unable to meet the plan filing deadline because of his heavy work schedule and because "he had not received all of the financial information from the debtor necessary" to complete the plan. (Motion to Reinstate ¶ 5). The motion further stated (¶ 6) that the debtor was unable to complete the financial information because: (a) water had leaked through the roof of the debtor's premises and damaged its computer; and (b) the debtor's principal, Mr. Rucker, was ill during the last two weeks in

---

**2.** Credit for devising the procedures established in this order goes to Hon. Thomas A. Small, United States Bankruptcy Judge, Eastern District of North Carolina. *See* Hon. A. Thomas Small, *Small Business Bankruptcy Cases,* 1 Am.Bankr. Inst.L.Rev. 305 (Winter, 1993); Hon. Steven W. Rhodes, *Eight Statutory Causes of Delay and Expense in Chapter 11 Bankruptcy Cases,* 67 Am. Bankr.L.J. 287 at 306–7 and 313–4 (Summer, 1993).

**3.** The Court's authority to dismiss a Chapter 11 case *sua sponte* in appropriate circumstances is clear under 11 U.S.C. § 105(a), which grants bankruptcy judges the broad authority to take action "necessary or appropriate ... to prevent an abuse of process." *See In re Toibb,* 902 F.2d 14 (8th Cir.1990), *rev'd on other grounds sub nom., Toibb v. Radloff,* 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991); *Pleasant Pointe Apartments, Ltd. v. Kentucky Housing Corp.,* 139 B.R. 828 (W.D.Ky.1992); *In re Great Am. Pyramid Joint Venture,* 144 B.R. 780, 789–90 (Bankr. W.D.Tenn.1992); *In re 266 Washington Assoc.,*

141 B.R. 275, 288 (Bankr.E.D.N.Y.1992); *Finstrom v. Huisinga,* 101 B.R. 997 (D.Minn.1989).

**4.** Rule 1017, Fed.R.Bankr.P. provides that a case shall not be dismissed for want of prosecution prior to a hearing on notice as provided in Rule 2002. Subsection (a)(5) of that rule requires 20 days notice by mail to all parties in interest of the hearing on dismissal or conversion. However, pursuant to Rule 9006(c)(1), the Court concluded that there was cause to reduce the time, due to the size of the case and the total lack of participation by creditors. In addition, pursuant to Rule 9007, the Court concluded that notice to the debtor and the U.S. Trustee would be sufficient, for the same reasons.

**5.** *See Hall v. Vance,* 887 F.2d 1041 (10th Cir. 1989); *State St. Mortgage Co. v. Palmer (In re Palmer),* 134 B.R. 472 (Bankr.D.Conn.1991); *In re Gusam Restaurant Corp.,* 32 B.R. 832 (Bankr. E.D.N.Y.1983), *rev'd on other grounds,* 737 F.2d 274 (2d Cir.1984); *In re Kang,* 18 B.R. 680 (Bankr.N.D.Ill.1982).

July and the first two weeks in August and had been treated at a hospital emergency room on August 3, 1994. The motion also stated that the plan and disclosure statement had been filed on August 15, 1994 (¶ 11), and that counsel and the debtor appeared late for the show cause hearing on that date because counsel's secretary had mistakenly calendared the hearing for 10:30 a.m. (¶ 9).

### III.

The Court recognizes that any request for delay in Chapter 11 cases is addressed to its sound discretion and that in exercising that discretion, the totality of the circumstances must be considered and no single factor is conclusive. In determining the dates and deadlines in the Chapter 11 case, the Court must consider that the bankruptcy process is intended to provide for the prompt determination of cases. *See* Rule 1001, Fed.R.Bankr.P., *Katchen v. Landy,* 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966); *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 346–47, 22 L.Ed. 636 (1874); *Ex parte Christy,* 44 U.S. (3 How.) 292, 312–14, 320–22, 11 L.Ed. 603 (1845). Moreover, as noted in *United Savings Association v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.):*

> Early and ongoing judicial management of Chapter 11 cases is essential if the Chapter 11 process is to survive and if the goals of reorganizability on the one hand, and creditor protection, on the other, are to be achieved. In almost all cases the key to avoiding excessive administrative costs, which are borne by the unsecured creditors, as well as excessive interest expense, which is borne by all creditors, is early and stringent judicial management of the case.

*United Savings Association v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.),* 808 F.2d 363, 373 (5th Cir.1987) (*en banc*), *aff'd,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

Nevertheless, the Court recognizes that delay in Chapter 11 is occasionally justified by special circumstances. Accordingly, in considering a request for delay in Chapter 11 cases, the Court will consider:

(1) The interests of the parties in a prompt determination of the case.

(2) The length of the delay requested.

(3) The justification asserted for the delay.

(4) Whether the circumstances leading to the request for the delay were foreseeable.

(5) Whether the length of the delay requested bears a reasonable relationship to the justification asserted.

(6) Whether the justification is supported by affidavit and is credible.

(7) Whether the debtor has made a good faith, diligent and persistent attempt to reorganize and to meet the Court's deadlines.

(8) Any other relevant factor.

### IV.

After considering these factors, the Court concludes that nothing in the motion to reinstate justifies the relief sought.

First, the Court affirms its previous conclusion that counsel's heavy workload, by itself, is not a sufficient reason to permit delay in this case. An attorney simply should not accept a case when prior responsibilities will not allow for proper representation.

Second, although the debtor's present motion asserts that the problems causing the delay resulted from the debtor's computer and Mr. Rucker's illness, neither of these difficulties were brought to the Court's attention in the original motion to extend the plan deadline. This lack of proper disclosure causes the Court to question the debtor's credibility on these points. Moreover, the Court notes that neither of the debtor's motions were supported by an affidavit.

Third, the alleged calendaring mistake by the debtor's attorney relating to the dismissal hearing certainly does not justify the failure to appear.

Fourth, while the special circumstances asserted by the debtor in the motion to reinstate (but not in the motion to extend) might have justified some short delay, these circumstances certainly would not justify a 60 day delay.

Fifth, the Court must conclude that the debtor has failed to demonstrate any persistent and diligent effort to reorganize and to comply with the Court's deadlines. Rather, the circumstances of this case reflect a pattern of inattention to and disrespect for this Court's orders and processes, which the Court cannot and will not condone.[6]

The Court concludes that there is no substantial basis for granting the debtor's motion to set aside the dismissal. Accordingly, the motion is denied.

## APPENDIX A

### ORDER ESTABLISHING DEADLINES AND PROCEDURES

After reviewing of the schedules and statement of financial affairs and consulting with the debtor and the other parties[1] who appeared at the initial status conference, the Court determines that this case appears to be relatively small and uncomplicated. Accordingly, the Court concludes that this case is appropriate for the procedures set forth in this order, and establishes the following deadlines, hearing dates and procedures. The purpose of this order is to expedite the debtor's reorganization and to secure "the just, speedy, and inexpensive determination of [this] case...." Fed.R.Bankr.P. 1001.

1. **Deadlines and Hearing Dates.** The following deadlines and hearing dates are established:

a. **The deadline for creditors to file claims is** *August 2, 1994.*

b. **The deadline for the debtor to file motions (see ¶ 7) is** *May 27, 1994.*

c. **The deadline for parties to request the debtor to include any information in the disclosure statement (see ¶ 3) is** *June 27, 1994.*

d. **The deadline for the debtor to file a combined plan and disclosure statement (see ¶ 2), is** *July 26, 1994.*

e. **The deadline to return ballots on the plan, as well as to file objections to final approval of the disclosure statement and objections to confirmation of the plan, is** *August 30, 1994.* **The completed ballot form shall be returned by mail to the debtor's attorney:** *Robert E. Reed, Esq., 561 E. Jefferson Avenue, Detroit, Michigan 48226–4324.*

f. **The hearing on objections to final approval of the disclosure statement and confirmation of the plan shall be held on** *September 7, 1994* **at 10:00 a.m., in Room 1056, Federal Building, 231 W. Lafayette Blvd., Detroit, MI.**

g. **The deadline for all professionals to file final fee applications (see ¶ 7) is** *September 21, 1994.*

h. **The deadline to file objections to this order (see ¶ 8) is** *April 29, 1994.*

2. **The Plan.** The debtor shall begin to negotiate the terms of a plan of reorganization and a disclosure statement as soon as practicable. See 11 U.S.C. § 1106(a)(5). By the deadline established in paragraph 1d, the debtor shall file a plan of reorganization and a disclosure statement combined into one document. If the debtor fails to meet this deadline, the case may be dismissed or converted to chapter 7 pursuant to 11 U.S.C. § 1112(b)(4).

3. **Preparation of the Disclosure Statement.** It is the policy of the Court to eliminate unnecessary, time-consuming, and costly litigation concerning the adequacy of the disclosure statement. Accordingly, in preparing the disclosure statement, the debtor shall consider: (1) the attached "Suggestions for Information to Include in the Combined Plan and Disclosure Statement," prepared by the

6. In addition to the circumstances described above which lead to this conclusion, the court file also reflects that the debtor did not file its April financial statements until July 28, 1994, which was two months late and actually after the plan deadline; that the debtor did not file its May financial statements until it filed its plan on August 15, 1994, which was also two months late; and that the debtor has never filed its June and July financial statements. Also, the debtor did not file its business plan until August 17, 1994, which was two and a half months late according to the United States Trustee's instructions, and actually *after* the reorganization plan.

1. For purposes of this order, the terms, "party" or "parties" refers to the debtor, the creditors, the interest holders, and the United States Trustee.

Court, and (2) any request by any party to include any additional information. Any such request shall be submitted to the debtor's attorney by the deadline established in paragraph 1c. The parties shall submit to the Court for informal resolution any disputes about the disclosure statement before the debtor files it. This informal resolution may be requested in a telephone conference call. Unless good cause is shown, the Court will not consider any objection to a disclosure statement asserted by anyone who has not participated in the procedures set forth in this paragraph.

**4. Preliminary Approval of the Disclosure Statement.** When filing the combined disclosure statement and plan, the debtor shall provide to the clerk sufficient copies and ballots conforming substantially to the appropriate official form as approved by the Court, for all parties. The Court will then consider whether to grant preliminary approval of the disclosure statement. If the Court does not grant preliminary approval, the Court will schedule an expedited hearing with such notice as the Court deems appropriate, to advise the debtor's attorney of the court's decision. When the Court does enter an order granting preliminary approval, the debtor may then begin soliciting acceptances of the plan. Within three days after the entry of the order granting preliminary approval, the Clerk shall mail that order, the combined plan and disclosure statement, any other statement approved by the court pursuant to Rule 3017(d), and a ballot, to whomever is entitled by law to service.

**5. The Combined Hearing on the Plan and Disclosure Statement.** Subject to paragraph 3, parties may file objections to the disclosure statement and to the plan by the deadline established in paragraph 1e above. An objection to a disclosure statement shall state with particularity the objecting party's participation in the procedures set forth in paragraph 3. Objections shall be served on the attorney for the debtor, the attorney and the chairperson of any official committee, and the United States Trustee. A proof of such service shall be filed with the

objections. Objections which are not timely filed and served will be deemed waived. If, after considering objections, the Court does not approve the disclosure statement, the Court will not consider confirmation of the plan.

**6. Expediting the Debtor's Reorganization.** If necessary to file a plan by the deadline established in this order, the debtor shall file any motions or requests to value security pursuant to L.B.R. 2.08 by the deadline established in paragraph 1b above.

**7. Fee Applications.** Each professional shall file one and only one final fee application. Such applications shall be filed pursuant to L.B.R. 2.08 by the deadline set forth in paragraph 1g, above.

**8. Deadline to File Objections to this Order.** Any objection to this order must be filed by the deadline set forth in paragraph 1h, above. Objections not timely filed are waived.

Entered: <u>APR 08 1994</u>

/s/ <u>Steven W. Rhodes</u>
STEVEN W. RHODES
U.S. Bankruptcy Judge

### *SUGGESTIONS FOR INFORMATION TO INCLUDE IN THE COMBINED PLAN AND DISCLOSURE STATEMENT*[2]

(Judge Rhodes)

I.  The Plan of Reorganization.

II.  A description of the debtor.

   A.  The debtor is: an individual (or, if a joint petition, a husband and wife); a partnership consisting of (identify the general partners and any limited partners, and the percentage interest of each); a corporation (identify the state in which chartered, and the officers and directors).

   B.  Describe the principals.

      1.  Their background.

      2.  Their annual salary, compensation, draw or other remuneration, including fringe benefits.

---

**2.** This is an attachment to "Order Establishing Plan Deadline and Other Procedures."

3. Their legal relationships, if any, with the debtor, e.g., lessor, lessee, creditor of the estate, debtor of the estate.

  a. If any such relationships exist, fully explain the details.

  b. If a lessor-lessee relationship exists, disclose the rental paid or received by the debtor and whether it is a fair rental.

C. Describe the debtor's business, its industry group and the causes for the Chapter 11 filing.

III. Post-petition events of significance.

A. Disclose all post-petition transfers outside the ordinary course of business.

B. Provide summaries of the important details of cash collateral, post-petition financing and adequate protection orders.

C. Explain any litigation during the case.

IV. Assets and Liabilities.

A. Provide a liquidation analysis, as set forth in the following hypothetical example:

| Describe the Collateral | Creditor Holding Lien | Market Value and Forced Sale Value | Amount of Secured Claim | Equity | Comments |
|---|---|---|---|---|---|
| Equipment | Hypothetical National Bank | $500,000(M) $200,000(FS) | 400,000 | 100,000(M) 0(FS) | |
| Forklift A | Seller Finance Company (1st) | 15,000(M) 10,000(FS) | 9,000 | ——— | |
| | Hypothetical National Bank (2nd) | ——— | ——— | 6,000(M) 0(FS) | |
| Inventory | Imaginary State Bank | 300,000(M) 50,000(FS) | 450,000 | 0 0 | Security interest disputed |
| Cash | Imaginary State Bank | 20,000(M) 20,000(FS) | see above | 0 0 | Ditto |
| Accounts | Imaginary State Bank | 80,000(M) 20,000(FS) | see above | 0 | Ditto |

Total equity if fair market value used = $106,000
Total equity if forced sale value used = $ 0

B. State the risks, conditions and assumptions regarding the stated values. If appraisals have been done, disclose appraised values and the dates of the appraisals; otherwise, state the basis of the valuation (e.g., "SEV valuation.")

C. Identify all potential claims and causes of action, including claims against insiders and avoidance actions. For each such cause of action, estimate the value of any expected recovery and the expected costs of such litigation. (The anticipated net value of any litigation that the debtor intends to pursue should be included in the liquidation analysis contained in paragraph A above.) If the debtor does not intend to pursue any such claims, state the reasons.

D. List and describe the priority claims, including anticipated administrative expense claims of all types.

E. Provide a total of all non-priority unsecured claims, including undersecured claims.

F. If any debt is guaranteed by anyone or if anyone is liable with the debtor on any debt, identify: (1) the guarantor or codebtor; (2) the nature and amount of debt involved, (3) the collateral securing the debt or the guaranty, and (4) the value of such collateral.

V. Details regarding implementation of the plan.
   A. Provide meaningful summaries of financial information in a consistent format for at least the following periods:
      1. Three years pre-petition, if possible.
      2. Post-petition to date.
      3. If the plan proposes that the company will continue in business, projections for the following three years, together with assumptions underlying those projections.
   B. If the plan proposes that the business will continue, state who will be in charge and the compensation to be paid to each, including fringe benefits.
   C. State the tax ramifications for the continuing entity if the plan is confirmed.

VI. Legal requirements, described substantially as follows:
   A. *Voting procedures*

   *Under the Bankruptcy Code, the only classes that are entitled to vote to accept or reject a plan are classes of claims, or equity interests, that are impaired under the plan. Accordingly, classes of claims or interests that are not impaired are <u>not</u> entitled to vote on the plan.*

   *Creditors that hold claims in more than one impaired class are entitled to vote separately in each class. Such a creditor will receive a separate ballot for all of its claims in each class (in accordance with the records of the Clerk of the Court) and should complete and sign each ballot separately. A creditor who asserts a claim in more than one class and who has not been provided with sufficient ballots may photocopy the ballot received and file multiple ballots.*

   *Votes on the plan will be counted only with respect to claims: (a) that are listed on the Debtor's Schedules of Assets and Liabilities <u>other</u> than as disputed, contingent or unliquidated; or (b) for which a proof of claim was filed on or before the bar date set by the Court for the filing of proofs of claim (except for certain claims expressly excluded from that bar date or*
which are allowed by Court order). However, any vote by a holder of a claim will not be counted if such claim has been disallowed or is the subject of an unresolved objection, absent an order of the Court allowing such claim for voting purposes pursuant to 11 U.S.C. § 502 and Bankruptcy Rule 3018.*

   *Voting on the plan by each holder of a claim or interest in an impaired class is important. After carefully reviewing the plan and disclosure statement, each holder of such a claim or interest should vote on the enclosed ballot either to accept or to reject the plan, and then return the ballot by mail to the debtor's attorney by the deadline previously established by the court.*

   *Any ballot that does not appropriately indicate acceptance or rejection of the plan will not be counted.*

   *A ballot that is not received by the deadline will not be counted.*

   *If a ballot is damaged, lost, or missing, a replacement ballot may be obtained by sending a written request to the debtor's attorney.*

   B. *Acceptance*

   *The Bankruptcy Code defines acceptance of a plan by an impaired class of claims as acceptance by the holders of at least two-thirds in dollar amount, and more than one-half in number, of the claims of that class which actually cast ballots. The Bankruptcy Code defines acceptance of a plan by an impaired class of equity interests as acceptance by holders of at least two-thirds in number of the equity interests of that class that actually cast ballots. If no creditor or interest holder in an impaired class votes, then that class has not accepted the plan.*

   C. *Confirmation*

   *11 U.S.C. § 1129(a) establishes conditions for the confirmation of a plan. These conditions are too numerous and detailed to be fully explained here. Parties are encouraged to seek independent legal counsel to answer any questions concerning the Chapter 11 process.*

*o*

Among the several conditions for confirmation of a plan under 11 U.S.C. § 1129(a) are these:

1. Each class of impaired creditors and interests must accept the plan, as described in paragraph VI.B., above.

2. *Either* each holder of a claim or interest in a class must accept the plan, *or* the plan must provide at least as much value as would be received upon liquidation under Chapter 7 of the Bankruptcy Code.

D. Modification

The debtor reserves the right to modify or withdraw the plan at any time before confirmation.

E. Effect of confirmation

Confirmation of the plan will make the plan binding upon the debtor, creditors, shareholders or other equity interest holders and other parties in interest, regardless of whether they have accepted the plan. Generally, such creditors and equity interest holders will be prohibited from receiving payment from or seeking recourse against the debtor or its assets, except as expressly provided in the plan or the confirmation order. In addition, confirmation of the plan will enjoin such parties from pursuing any claim, liability, interest or right that arose prior to the confirmation date. Confirmation of the plan will also operate as a discharge of all claims against, and interests in, the debtor, as set forth in § 1141(d) of the Bankruptcy Code.