In re Reuben George **WARNER,** Laurie L. **Warner,** Debtors.

Reuben George **WARNER,** Laurie L. **Warner, Appellants,**

v.

**UNIVERSAL GUARDIAN CORPORATION,** Appellee.

BAP No. SC 82–1418 EAsG.

Bankruptcy No. 8202330–K11.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Feb. 16, 1983.

Decided April 28, 1983.

Rezso Magashazy, San Diego, Cal., for appellants.

A.C. Foell, A Law Corp., Garden Grove, Cal., for appellee.

Before ELLIOTT, ASHLAND and GEORGE, Bankruptcy Judges.

## OPINION

ELLIOTT, Bankruptcy Judge:

The debtors appeal from an order dismissing their joint Chapter 11 case. We reverse.

Mr. Warner and his two sons work for an auto salvage yard. In mid 1981 appellee Universal Guardian Corporation (Universal) commenced foreclosure of a deed of trust they held on the Warners' home by filing a notice of default. On the eve of foreclosure the Warners conveyed the property to a newly formed corporation, "The Warner-Bothe Street Corporation" and placed the corporation in Chapter 11. Universal sought relief from stay, but by the time it was able to request a default judgment, it discovered that the Chapter 11 case had already been dismissed with prejudice. The corporation reconveyed the property back to Mr. and Mrs. Warner and they filed their own Chapter 11 petition. Universal filed a second complaint for relief from stay, this time in the Warners' Chapter 11 case.

Meanwhile, the Warners had filed a Chapter 11 plan and a proposed disclosure statement. Essentially the plan was designed to last over seven years to save the home. It assumed that the wages of both Mr. Warner (one of the debtors) and his two sons (non debtors) would be available to pay the encumbrances on the property through the plan. The court found a number of errors in the disclosure statement and continued the matter and also asked for briefing on the issue of whether the Warners were proper Chapter 11 debtors.

The continued disclosure statement hearing commenced at the same time set for Universal's hearing on relief from stay. Although there was no motion to dismiss before the court, the judge dismissed the Chapter 11 case.

11 U.S.C. § 1112(b) states clearly that a conversion or dismissal (other than at the request of the debtor) may occur only after "notice and a hearing" and upon "request of a party in interest." It might be argued that in light of 11 U.S.C. § 102, the fact that counsel had a chance to argue that there was sufficient opportunity for a hearing. We think not. There must be some notice in advance that dismissal is contemplated. But it is even more clear that the court cannot dismiss on its own motion. That Congress consciously chose to deny the power to the bankruptcy court to dismiss on its own motion is evidenced by the fact that language in the Senate Bill permitting precisely this sort of action on the court's own motion was dropped in favor of the House version requiring the request for dismissal to be initiated by a party in interest.

Upon remand the court should reconsider its conclusion that the Warners are not entitled to Chapter 11 relief because of a prior "bad faith filing" by the Warner-Bothe Street Corporation. This reasoning gives an attainder effect to the order of dismissal of the prior case and is unnecessarily harsh.

The court below should also reexamine its conclusion that because the debtors sought to preserve "a minimal equity" in their residence that Chapter 11 was an "improper vehicle"; and that there was no reorganization purpose. We recall that the relief available under Chapter XII of the former Bankruptcy Act is available under Chapter 11 of the Code. The Warners are qualified to be debtors under 11 U.S.C. § 109(d) and we find nothing else in the Code prohibiting the use of Chapter 11 to debtors seeking to save their family home from foreclosure.

The memorandum filed by the trial judge indicates his feelings that the debtors did not have the ability to effectuate a plan which is grounds for dismissal or conversion, § 1112(b)(2). Dismissal or conversion under § 1112(b) is permitted only after notice and hearing and at the request of a party in interest.

REVERSED.