**In re Charles RUBENSTEIN and Patricia Rubenstein, Debtor(s).**

**BAP No. AZ 86–1532–AsMeE.**
**Bankruptcy No. B–83–00561–TUC.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Without Oral Argument Nov. 26, 1986.

Decided Feb. 20, 1987.

Walter F. Wood, Rosen & Grynkewich, Ltd., Tucson, Ariz., for debtors.

Before ASHLAND, MEYERS and ELLIOTT, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The debtors Charles and Patricia Rubenstein appeal from the conversion of their Chapter 11 to a Chapter 7 on the bankruptcy court's own motion and from the court's denial of their subsequent motion for reconsideration. We reverse and remand.

## FACTS

The debtors filed a Chapter 11 petition on June 3, 1983. Thereafter, they stipulated to relief from the automatic stay to allow a related state court action to proceed. In the interim the Taylors (plaintiffs in the state court action) filed a complaint in bankruptcy court to except their debt from discharge pursuant to Bankruptcy Code § 523(a). The parties settled the state court issues and the dischargeability issue resulting in the debtors basically having no assets and no creditors. The debtors filed a motion to dismiss their Chapter 11 and the motion was set for a hearing on March 11, 1986.

A hearing to show cause why the case should not be dismissed or converted was held on February 19, 1986. At the hearing the debtors asked that their Chapter 11 be dismissed and informed the court of their pending motion. The bankruptcy judge orally dismissed the matter and vacated the hearing on the debtors' motion to dismiss.

Thereafter the judge retired from the bench. On March 11, 1986, the scheduled hearing date for the motion to dismiss, no one appeared for the trial. The presiding judge converted the debtors' Chapter 11 proceeding to a Chapter 7 stating that the earlier dismissal was not in the best interest of the estate. A subsequent motion for reconsideration was denied and the debtors appealed.

The issue is whether the bankruptcy court erred in converting the Rubensteins' Chapter 11 proceeding to a Chapter 7 *sua sponte*.

## DISCUSSION

We have analyzed this issue in the past and decided that the bankruptcy court may not dismiss a case on its own motion. *In re Warner*, 30 B.R. 528 (9th Cir.BAP 1983). Other courts concur in this view. *See, e.g., In re Gusam Restaurant Corp.*, 737 F.2d 274 (2d Cir.1984).

According to 11 U.S.C. § 1112(b) the court may convert a case under Chapter 11 to a Chapter 7 case for cause on request of a party in interest and after notice and a hearing. In *Warner* in interpreting the phrase "a party in interest" we looked to the legislative history and noted that the Senate Report No. 95–989, 95th Cong., 2d Sess. 117 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787 provided for *sua sponte* dismissal or conversion of a bankruptcy case. However, this language was absent in the House Report No. 95–595, 95th Cong., 1st Sess. 405 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 which was adopted by Congress. This was taken as evidence of Congress' awareness of the *sua sponte* issue and its intent to prohibit the court from initiating the dismissal or conversion under this section of the Code.

However, Congress has since expressed its intent not to exclude the court from acting when a provision calls for action by a "party in interest". Section 105(a) of the Bankruptcy Code now reads ...

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this

title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

H.R.Doc. No. 5316, 99th Cong., 2nd Sess. 10 (1986).

However, § 105(a) as amended, does not yet apply in the District of Arizona. Although the general effective date of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 (the Act) is November 26, 1986, the effective date may vary by judicial district. Section 302(d) of the Act determines the effective dates in certain districts. In Arizona the amendments made by subtitle A of Title II of the Act (of which the amendment to 11 U.S.C. § 105 is a part, *See*, H.R.Doc. No. 5316 § 203) do not become effective or apply to cases pending in Arizona until the earlier of two years from the effective date of the Act (November 26, 1986) or of the thirty day period beginning on the date the Attorney General certifies to the appropriate court of appeals that amendments under the Act become effective in Arizona. *See*, H.R.Doc. No. 5316 § 302(d)(2)(B)(xiii). Until such time as the amendment to 11 U.S.C. § 105 becomes applicable in Arizona *Warner* is controlling law and a bankruptcy court may not convert or dismiss a case on its own motion.

We reverse; the Rubensteins' Chapter 11 case should be dismissed pursuant to the debtors' request and the oral order of dismissal.